THE STATE v. MAYFIELD, *Appellant.*

66   125
111   589

66   125'
126   571.

**An Indictment for Murder,** which fails to state where or in what year the deceased died, is bad.

*Appeal from McDonald Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

*H. C. Young and C. W. Thrasher* for appellant.

*J. L. Smith,* Attorney-General, for the State.

HENRY, J.—The defendant was indicted for the murder of one John Cragh on the first day of May, 1875. Defendant contends that the indictment is defective, in not alleging, when or where the defendant died. It alleges that on the —— day of May, 1875, defendant shot the said Cragh and that he died on the 3d day of May. It does not state where or the year in which he died. In the case of *Lester v. The State,* 9 Mo. 666, the indictment alleged that deceased " did instantly die of the wounds inflicted upon him by the defendant."

The court held, NAPTON, J., that " time and place must be stated to the allegation, both of the injury and the death, in order that it may appear that the charge is cognizable by the court. (2 Chitty's Crim. Law 737; Cro. Eliz. 738; 2 Hale 179.) Here the word instantly seems designed to supply the place of the words then and there; and the Attorney-General insists that both in its popular and proper legal acceptation, it will embrace everything which is conveyed by those words. This may be true, so far as time

is concerned, but in capital cases, it has been thought expedient to require great strictness, and it would be difficult to foresee to what extent innovations would go, if we lose sight of the established precedents, so far as they fix the form of material averment." In the case of the *State v. Sides*, 64 Mo. 384, the allegation in the indictment was, "of which said mortal wound the said John Martin did immediately languish, and languishing did die "

NORTON, J., delivering the opinion of the court, said: "In the case at bar, the indictment only charges that the deceased ' did immediately languish, and languishing did die.' The allegation fails to show when and where he died," and it was accordingly held that the indictment was defective. The indictment, in the case we are considering, must be held bad, upon the principle announced in those cases. It neither alleges, when or where the deceased died. When precedents have long been sanctioned by repeated decisions of the courts, prosecuting attorneys had better follow them. Departures are dangerous, especially in criminal proceedings, in which greater particularity is required in pleadings than in civil cases, and technical rules still obtain, for which it is frequently difficult to assign a reason.

The judgment is reversed, and the cause remanded. All concur.

REVERSED.