April Term, 1882.

## STATE v. COLEMAN.

1. Exceptions to refusals to charge not considered, the requests so to charge appearing in the brief only in the exceptions themselves.
2. On motion in arrest of judgment, an indictment for murder that did not state where the deceased died, was held bad as well at common law as under those statutes that provide for cases where the wound was inflicted in one jurisdiction and death ensued in another, These statutes considered.
3. An indictment under a statute must closely follow the terms of the statute.

Before PRESSLEY, J., Laurens, February, 1882.

This was an indictment against Neel Coleman for the murder of his son by cruel treatment. The opinion states the case. There was no report by the presiding judge.

Messrs. *Ball & Watts*, for appellant.

Mr. *Solicitor Duncan*, contra.

July 22, 1882. The opinion of the court was delivered by Mr. JUSTICE McIVER.—Under an indictment for murder, the appellant was convicted of manslaughter, and moved in arrest of judgment because there was no allegation in the indictment of any place where the deceased died. The motion was refused by the circuit judge, whereupon this appeal was taken, alleging error in such refusal. The defendant also appeals upon the ground that the circuit judge refused to charge certain propositions of law, but as it does not appear from the "Case" as presented for argument here that any request was made to charge these propositions, or any exception taken to the refusal so to charge, these grounds are not properly before us for consideration, and indeed were not urged in the argument here.

The only question, therefore, presented by this appeal is whether the omission to state in the indictment the place where the deceased died is a fatal defect. There can be no doubt that such an omission would have been fatal at common law,

and the question then is narrowed down to the inquiry whether there are any statutory provisions which render such an allegation unnecessary. The statute relied on for this purpose is the Act of 1859 (12 *Stat.* 822), incorporated into the *General Statutes* (Chap. 128, Sections 19, 20 and 21), as amended by the Act of December 21st, 1880 (17 *Stat.* 336).

It will be observed that these statutory provisions do not purport to make any change in the rules of criminal pleading, but are simply designed to prescribe a *place of trial* in certain cases, where, as the law then stood, it was at least doubtful as to where would be the proper place of trial. They do not declare in general terms that, no matter where the death ensues, the accused may be indicted and tried where the injury causing the death was inflicted, but they specify particularly that where death ensues in a particular place, from an injury inflicted in another place, then the accused may be indicted and tried in a certain place, and so on. We do not see, therefore, how these statutory provisions can be regarded as having the effect of altering the established rules of criminal pleading, especially in cases not falling within any of the classes provided for by these statutes.

There are four classes of cases embraced within these statutory provisions: 1st, Where the injury causing the death is inflicted within the limits of this State, and the death ensues beyond the limits of the State. 2d. Where the injury is inflicted by a person who, at the time, is within the limits of the State, upon a person who, at the time, is beyond the limits of the State, or *vice versa*, where the injury causing the death is inflicted by a person who, at the time, is beyond the limits of this State, upon a person who, at the time, is within the limits of the State. 3d. Where the injury causing death is inflicted by a person who, at the time, is within the bounds of one county, upon a person who, at the time, is within the limits of another county. 4th. Where the injury causing the death is inflicted in one county, and death ensues therefrom in another county; but these provisions do not embrace a case in which the death ensues in the same county where the injury ausing it was inflicted, and therefore an indictment, in such a

case, must be framed in accordance with the established rules of criminal pleading, altogether unaffected by these statutory provisions.

The indictment in the case now under consideration cannot be regarded as framed under any of these statutory provisions, for there is no rule better settled than that, in framing an indictment under a statute, care must be taken to follow the terms of the statute closely, in order that the indictment may show on its face that the offence charged comes within the class provided for by the statute, and in this case the indictment does not show that the offence charged comes within any one of the four classes provided for by these statutes. There is an allegation that the injuries causing the death were inflicted in Laurens County, upon the deceased while in that county, but there is no allegation as to where the death ensued from such injuries—whether within or without the State, or whether within or without the county of Laurens. The indictment, therefore, cannot be regarded as a good indictment under these statutory provisions, inasmuch as it does not state a case provided for by these statutes, and it cannot be sustained as a good indictment at common law, because it omits an allegation essential to the validity of a common law indictment.

The judgment of this court is that the judgment of the circuit court be reversed, and that the motion in arrest of judgment be granted.