## STATE v. BLAKENEY.

1. An indictment which fails to state the place of death of the deceased, is fatally defective, and this defect cannot be cured by amendment. In such case, the indictment should be quashed on motion duly made, and judgment thereon should be arrested. The place of death is an essential allegation which the act of 1887 (19 Stat., 830) has not dispensed with, and, under the terms of the constitution, the legislature could not dispense with this allegation.

2. Where an indictment fails to state the place of death, this omission cannot be supplied by an amendment ordered by the judge, nor can the prisoner be tried under such amended indictment; for it would not be the bill found by the grand jury.

3. Where an indictment alleges that a mortal wound was inflicted upon the deceased "at Chesterfield C. H., in the county and State aforesaid" from which wound the deceased "soon thereafter died," and then immediately proceeds to charge that the defendant "did then and *there* feloniously, &c., kill and murder the deceased," the place of death is sufficiently stated.

Before WITHERSPOON, J., Chesterfield, February, 1890.

This was an indictment under which James Blakeney was con-
victed of murder. He appealed to this court. The opinion states
the case.

*Messrs. W. L. T. Prince* and *Edward McIver,* for appellant.

*Mr. Johnson,* solicitor, contra.

June 13, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   At the Court of General Ses-
sions for Chesterfield County, February term, 1890, the appel-
lant was arraigned and put upon trial under an indictment, of
which the following is a copy, to wit (omitting the formal part):
"The jurors of and for the county aforesaid in the State afore-
said, upon their oath present that John Threatt, James Blake-
ney, and Allen Blakeney, on the sixteenth day November, in
the year of our Lord one thousand eight hundred and eighty-nine,
with force and arms at Chesterfield, in the County of Chester-
field, and State of South Carolina, in and upon Hugh Blakeney,
*alias* Hugh Mangum, feloniously, wilfully, and of their malice
aforethought, with a pistol loaded with gunpowder and a leaden
bullet, did shoot and discharge at and against and wound, giv-
ing to the said Hugh Blakeney, *alias* Hugh Mangum, thereby in
and upon the body of him the said Hugh Blakeney, *alias* Hugh
Mangum, one mortal wound, of which said mortal wound the
said Hugh Blakeney, *alias* Hugh Mangum, soon thereafter
died.                          And so the jurors aforesaid,
upon their oaths aforesaid, do say that John Threatt, James
Blakeney, and Allen Blakeney, him, the said Hugh Blakeney,
*alias* Hugh Mangum, then and there in the manner and by the
means aforesaid feloniously, wilfully, and of his malice afore-
thought did kill and murder, against the form of the statute in
such case made and provided, and against the peace and dignity
of the State aforesaid."

The accused having no counsel, his honor, the presiding judge,
assigned Mr. W. L. T. Prince and Mr. Edward McIver to his
defence, and these counsel, after the jury had been sworn, hav-
ing discovered, as they supposed, that the place of the death of

the deceased had not been alleged in the indictment, moved to quash it on that ground. This motion was refused because, in the opinion of his honor, it came too late, being made after the jury had been sworn (section 2 of the act of 1887), but immediately the solicitor was granted leave to amend the indictment by inserting the place of the death, to wit: Chesterfield County, which was done in the blank *supra*. The case then proceeded, when the accused was convicted, and upon his being brought up for sentence, his counsel moved in arrest of judgment, upon the ground that he had been convicted on a bill which had not been found by a grand jury, and on which he had not been arraigned. This motion was overruled, and the accused was sentenced to be hanged on April the 4th, 1890.

The appeal alleges error to the presiding judge: 1st. In refusing appellant's motion to quash the indictment. 2nd. In allowing the solicitor to amend by inserting in the indictment the place of the death of the deceased. 3rd. In refusing the motion of appellant in arrest of judgment. 4th. In allowing the trial upon an indictment which had not been found by the grand jury.

If the indictment had been defective in the particular alleged by the appellant, to wit, in failing to state the place of the death of the deceased, then we think the grounds of appeal would demand a reversal of the judgment below. We suppose that it can hardly be necessary to cite authority to the fact that it is absolutely essential in an indictment like that here, that the place of the death of the party killed should be alleged therein, and that in the absence of such allegation such indictment is fatally defective, and should be quashed on motion made; and we think further that such a defective indictment is beyond the reach of amendment. True, under section 5, page 830, of the act of 1887, much of the useless phraseology which characterized indictments in former times may be dispensed with, and omissions of mere form may be cured by amendment; but this act has neither dispensed with essential allegations, nor has it attempted to cure their omission by allowing amendments to that end. Indeed, we may say that we do not think the general assembly would have power to provide for the amendment of indictments to the extent claimed here, and in a matter so vital as the place.

of·the death of the party killed, which is absolutely necessary to be alleged in a jurisdictional point of view, and must be passed upon by the grand jury, in accordance with the constitutional rights of the accused. We do not think, therefore, that the act in question was intended to reach thus far.

We concur, too, in the position that, had the indictment been defective in the matter complained of, it would have been error to have allowed the trial to proceed on the indictment as amended, because as contended, this would have jeopardized the accused upon an indictment not found by the grand jury, and in violation of his constitutional rights. So, too, for the same reason there would have been error in refusing the motion in arrest of judgment.

But, at last, these questions, in our view of the case, are not really involved therein, for the reason that the foundation of a connection between them is wanting, in the fact that the defect alleged to the indictment does not, in our opinion, really exist. We think that while the indictment seems to have been hastily drawn, and is somewhat inartificial in form, yet it is not defective to the extent alleged. On the contrary, in our opinion, there is an allegation therein as to the place of the death of the deceased sufficient to save the indictment from the assault made upon it. There is no doubt but that it is alleged that a mortal wound was inflicted upon the deceased on the 16th day of November, 1889, in Chesterfield County, South Carolina, from which it is also alleged distinctly that he soon thereafter died, and that this allegation is followed by a further allegation that the accused, with others, did then and there feloniously, wilfully, and with malice aforethought kill and murder the deceased.

Now, we do not see what other place than Chesterfield County could have been referred to by these words, "then and there," used in that connection. No other place had been mentioned in the preceding part of the indictment, except Chesterfield County, and the word "there" could not possibly have had reference to any other place. It must have had reference to some place, and as Chesterfield County was the place where it was alleged that the mortal wound was inflicted, and no other place was mentioned as the place of the death, we must suppose that it was

used for the purpose of referring to the place of the infliction of the wound, as also the place of the death.

The fact that the indictment was not defective in the matter complained of will sustain the judgment below, notwithstanding the errors as to the amendment and the arrest of judgment, &c., in the event that the indictment had been defective in the vital particular claimed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed. Let the case be remanded for the purpose of having another day assigned for the execution of the sentence heretofore imposed.