**BOSTIC v. RIVES, Superintendent of Washington Asylum and Jail.**

**No. 7421.**

United States Court of Appeals for the District of Columbia.

Decided Aug. 7, 1939.

Rehearing Denied Nov. 14, 1939.

Martin S. Vilas, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and John W. Fihelly, Asst. U. S. Atty., for appellee.

Before GRONER, Chief Justice, and STEPHENS and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia dismissing a petition for a writ of habeas corpus and discharging the writ which had been issued thereunder. The appellant, petitioner below, was convicted on March 19, 1937, in the District Court of murder in the first degree and sentenced to death. We affirmed the conviction. Bostic v. United States, 1937, 68 App.D.C. 167, 94 F.2d 636, certiorari denied, 1938, 303 U.S. 635, 58 S.Ct. 523, 82 L.Ed. 1095. The petition alleged that the appellant's detention was unlawful because the indictment failed to aver the place of death of the deceased and because the lawyer appointed by the court to defend the appellant was, by reason of youth and inexperience, incompetent. It was asserted that at the time of the trial the appellant's attorney had been a member of the bar approximately two years and was but twenty-three years of age. In its return and answer the appellee denied that the lawyer appointed to defend the appellant was incompetent and averred to the contrary that during his membership at the bar, preceding the trial of appellant's case, he had tried a substantial number of criminal cases, including homicide cases, and that he was at the time of the trial a member of the bar in good standing sufficiently experienced and qualified to conduct the defense. The order dismissing the petition and discharging the writ was made upon the pleadings without the introduction of evidence by either party.

The indictment charged that the appellant on October 9, 1936, in the District of Columbia, shot the deceased causing a wound of which he died, but it omitted to aver that the death took place in the District. The terms of the indictment, so far as are here pertinent, are set forth in the margin.[1]

A judgment of conviction cannot be attacked in a habeas corpus proceeding except upon jurisdictional grounds. Errors not involving jurisdictional questions must be attacked through an appeal. In Knewel v. Egan, 1925, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036, the appellant had been convicted in a state court of the presentation of a false insurance claim in violation of a state statute. He sought in a habeas corpus proceeding in the United States District Court to attack the judgment upon the ground that the information did not disclose an offense, and that it alleged no venue, and he asserted that in consequence the trial court was without jurisdiction. The District Court ordered the prisoner discharged. The Supreme Court reversed, holding:

"It is the settled rule of this Court that *habeas corpus* calls in question only the jurisdiction of the court whose judgment is challenged. Andrews v. Swartz, 156 U.S. 272 [15 S.Ct. 389, 39 L.Ed. 422]; Bergemann v. Backer, 157 U.S. 655 [15 S.Ct. 727, 39 L.Ed. 845]; In re Lennon,

---

[1] "The Grand Jurors of the United States of America, in and for the District of Columbia aforesaid, upon their oath, do present:

"That one James Bostic, on, to wit, the ninth day of October, 1936, and at the District of Columbia aforesaid, contriving and intending to kill one William Tuckson, Junior, then and there being, feloniously, wilfully, purposely and of his deliberate and premeditated malice, did discharge and shoot off a bullet out of a pistol held in the hand of him, the said James Bostic, into the chest of the said William Tuckson, Junior, and thereby did give to the said William Tuckson, Junior, in and upon his chest, a mortal wound, of which he, the said William Tuckson, Junior, on, to wit, the said ninth day of October, 1936, did die."

166 U.S. 548 [17 S.Ct. 658, 41 L.Ed. 1110]; Felts v. Murphy, 201 U.S. 123 [26 S.Ct. 366, 50 L.Ed. 689]; Valentina v. Mercer, 201 U.S. 131 [26 S.Ct. 368, 50 L.Ed. 693]; Frank v. Mangum, 237 U.S. 309 [35 S.Ct. 582, 59 L.Ed. 969].

". . . It has been uniformly held by this Court that the sufficiency of an indictment cannot be reviewed in *habeas corpus* proceedings. Ex parte Watkins, 3 Pet. 193 [7 L.Ed. 650]; Ex parte Yarbrough, 110 U.S. 651 [4 S.Ct. 152, 28 L.Ed. 274]; Ex parte Parks, supra [93 U.S. 18, 23 L.Ed. 787]; In re Coy, supra [127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274]; Bergemann v. Backer, supra; Howard v. Fleming, 191 U.S. 126 [24 S.Ct. 49, 48 L.Ed. 121]; Dimmick v. Tompkins, 194 U.S. 540 [24 S.Ct. 780, 48 L.Ed. 1110]; In re Eckart, 166 U.S. 481 [17 S.Ct. 638, 41 L. Ed. 1085]; Goto v. Lane, 265 U.S. 393 [44 S.Ct. 525, 68 L.Ed. 1070].

"Appellee stands in no better situation with respect to the failure to allege venue in the information. A mere failure to allege venue and thus to show affirmatively that the crime was committed within the territorial jurisdiction of the court, does not deprive the court of jurisdiction over the cause and the sufficiency of the indictment cannot be called in question upon *habeas corpus*. Even though an indictment thus drawn might have been found defective upon demurrer or writ of error, it is not so fatal, upon its face, as to be open to collateral attack after trial and conviction. United States v. Pridgeon, 153 U.S. 48, page 59 [14 S.Ct. 746, 38 L.Ed. 631]; and see State v. Egan, 44 S.D. 273, 277 [183 N.W. 652]." [268 U.S. at pages 445, 446, 45 S.Ct. 522, 69 L.Ed. 1036]

Accord: Campbell v. Aderhold, 5 Cir., 1923, 67 F.2d. 246.

The indictment in the instant case does not disclose lack of jurisdiction. Moreover the Federal Criminal Code provides:

"In all cases of murder or manslaughter, the crime shall be deemed to have been committed at the place where the injury was inflicted, or the poison administered, or other means employed which caused the death, without regard to the place where the death occurs." [Act of March 4, 1909, § 336, 35 Stat. 1152, 18 U.S.C.A. § 553].

Under this statute the allegation in the indictment that the injury causing the death was inflicted in the District affirmatively showed jurisdiction. In United States v. Guiteau, D.C.1882, 1 Mackey, 12 D.C. 498, 47 Am.Rep. 247, in the absence of this statute, it was held by the Supreme Court of the District of Columbia, in General Term, and, upon application for habeas corpus, by Mr. Justice Bradley of the Supreme Court of the United States,[2] that, where the blow was struck in the District, the courts of the District had jurisdiction. An attack upon an indictment for failure to contain an allegation of the place of death must be made by appropriate action in the criminal proceeding itself. We express no opinion as to whether such an allegation is essential to the sufficiency of an indictment.

In this aspect of the case, we rest our decision on the grounds just stated. It is proper to comment, however, that it was conceded in the oral argument of the instant appeal by appellant's present counsel that the death did take place in the District of Columbia. And the record in the criminal case makes clear that the appellant was not harmed by the absence of an allegation of the place of death.

We have examined the authorities cited by the appellant. In Ball v. United States, 1891, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377, it was apparently held that the omission to allege the place of death was a jurisdictional defect, but this was before the enactment of the statute quoted above; and the court expressly recognized the validity of United States v. Guiteau, supra, as applicable to the District of Columbia. Moreover, the apparent holding is inconsistent with Knewel v. Egan, supra. Chapman v. People, 1878, 39 Mich. 357, State v. Coleman, 1882, 17 S.C. 473, and State v. Blakeney, 1890, 33 S.C. 111, 11 S.E. 637, may be thought to say that the defect is jurisdictional, but they are distinguishable because of United States v. Guiteau and the Federal statute, and they are of no persuasiveness in view of Knewel v. Egan, supra. The other cases relied on give no indication that the omission of the allegation is a jurisdictional defect: People v. Wallace, 1858, 9 Cal. 30, 31; Brockway v. State, 1923, 192 Ind. 656, 138 N.E. 88, 26 A.L.R. 1338; State v. Bowen, 1876, 16 Kan. 475; State v. Kennedy, La.1845, 8 Rob. 590; State v. Cummings, 1850, 5 La.Ann. 330; State v. Sundheimer, 1887, 93 Mo. 311, 6 S.W. 52; State v. Mayfield, 1877, 66 Mo. 125.

---

[2] 1 Mackey, 12 D.C., at page 560.

In none of the cases relied on was the conviction sought to be attacked by habeas corpus. A *dictum is quoted from Ex parte Watkins, U.S.1830, 3 Pet. 193, 7 L.Ed. 650, to the effect that jurisdiction must appear affirmatively on the face of the pleadings. But this was said in reference to courts of "inferior" jurisdiction, and the Court expressly held that judgments of courts of the United States could not be collaterally attacked for want of a showing of jurisdiction on the pleadings; habeas corpus was accordingly refused.

■ The attack upon the conviction upon the ground that the lawyer appointed to defend the appellant was not competent is raised under the Sixth Amendment, U.S.C.A.Const., providing, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." In Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, it was held that a conviction may be attacked in a habeas corpus proceeding by a showing, not inconsistent with the record, that a waiver of the right to counsel was not made intentionally and with knowledge that counsel could be had. The ground of the decision was that if counsel was neither furnished nor properly waived, the conviction was void for a failure of jurisdiction arising in the course of the criminal proceeding. Assuming without deciding that the principle of this case embraces a situation where though counsel has been appointed it can be shown that he was not competent, the case is of no aid to the appellant here because the Supreme Court recognized in Johnson v. Zerbst that:

". . . a judgment can not be lightly set aside by collateral attack, even on *habeas corpus*. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus,* the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel." [304 U.S. at page 468, 58 S.Ct. 1019, 82 L.Ed. 1461]

The burden was upon the appellant in the instant case to prove that the lawyer assigned to defend him was not competent. The appellant made no showing to such effect. As above stated, no evidence was offered in support of the petition for the writ. It does not necessarily follow from the fact that the asserted defect in the indictment was not raised in the criminal proceeding that the lawyer there representing the appellant was not competent. The record in the criminal case shows no dispute as to the place of death. Appellant's counsel may well, in the exercise of good judgment, have decided not to attempt to take advantage of such a defect where, even if successful, he would gain nothing but delay. In view of the fact, however, that this is a capital case, we have re-examined the record in the criminal proceeding in the light of the present attack upon the competency of counsel. We find nothing sufficient to sustain the attack.

Affirmed.