**BLOUNT v. HUFF, General Superintendent, D. C. Penal Institutions.**

**No. 8705.**

United States Court of Appeals
District of Columbia.

Argued May 29, 1944.

Decided July 24, 1944.

Writ of Certiorari Denied Dec. 11, 1944.
See 65 S.Ct. 276.

Mr. W. Hobart Little, of Washington, D. C., for appellant.

Messrs. Edward M. Curran, United States Attorney, and John C. Conliff, Jr., and Charles B. Murray, Assistant United States Attorneys, all of Washington, D. C., submitted on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

This is an appeal from an order of the District Court discharging a rule to show cause and dismissing a petition for habeas corpus.

Petitioner was indicted October 27, 1940, for violation of the Act of Congress (as italicized below) which subjects to criminal penalties one who knowingly and willfully deposits in the mail any threat to take the life of or to inflict bodily harm upon the President, *"or who knowingly and willfully otherwise makes any such threat against the President."*[1]

Petitioner pleaded not guilty and moved for a bill of particulars, which was furnished. Subsequently petitioner, with the consent of the court, withdrew his plea and filed a demurrer to the indictment. This, after hearing, was overruled and on November 1, 1940, petitioner pleaded guilty and was sentenced to imprisonment for the period of one to three years on count 1 of the indictment and from one to three

[1] Act of Feb. 14, 1917, c. 64, 39 Stat. 919, 18 U.S.C.A. § 89: *"Threats against President.* Any person who knowingly and willfully deposits or causes to be deposited for conveyance in the mail or for delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, or who knowingly and willfully otherwise makes any such threat against the President shall upon conviction be fined not exceeding $1,000 or imprisoned not exceeding five years, or both."

years on count 2, the sentences to run consecutively. In his petition for habeas corpus petitioner complains that his imprisonment is illegal in that neither the indictment nor either of its counts sets forth the essential elements of an oral threat punishable under the Act. The ground of this is that the indictment failed to show the utterance of the words and the hearing of the words by some person or persons other than the utterer. The indictment charged in each count that petitioner on the 31st day of December, 1938, in the District of Columbia, did unlawfully, feloniously, knowingly and willfully threaten to inflict bodily harm upon the President of the United States and to take his life. That the indictment in this short form was carelessly, perhaps defectively, drawn is, we think, obvious at a glance, because to enable the accused adequately to defend himself, it should have set out the words of the threats and the names of the persons in whose presence they were uttered. The latter infirmity was perhaps cured by the bill of particulars, which named the place and time of the threats and the two persons in whose presence they were made. State v. Koski, 101 W.Va. 477, 133 S.E. 79, 80. But, be that as it may, we have no need to decide the question, since this was for the trial court and its action in overruling the demurrer was final, subject only to appeal to this court, and no appeal was taken. The question is not, therefore, now open on petition in habeas corpus. This is so because of the long and universally approved rule that the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings, and the other equally well established rule that a judgment of conviction in a criminal case cannot be attacked in a habeas corpus proceeding except upon jurisdictional grounds. If the indictment charges an offence within the jurisdiction of the court, and if there be jurisdiction of the person of the accused, the sufficiency of the indictment is not open to challenge in habeas corpus. All of this we said before and recently at considerable length in Bostic v. Rives, 71 App.D.C. 2, 107 F.2d 649. Here undoubtedly the indictment charges in the language of the statute an offence against the United States. Here the venue is properly laid and jurisdiction is shown of the person of the accused. In such a case the court has the right to try the offender and jurisdiction to determine whether an offence was charged and whether it was proved. In this state of affairs the proper elements of the offence and the construction to be put on the indictment and its sufficiency are matters for the determination of the trial court.

Petitioner was at all times represented by counsel, and having elected to plead guilty, it is now too late to complain of the insufficiency of the indictment. See Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110; Ex parte Watkins, 3 Pet. 193, 7 L.Ed. 650; Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422; Bostic v. Rives, supra; Welch v. Hudspeth, 10 Cir., 132 F.2d 434; Aderhold v. Hugart, 5 Cir., 67 F.2d 247.

Affirmed.