## UNITED STATES v. DIXON.

Cr. Nos. 41532, 41541.

District Court, E. D. New York.

Oct. 7, 1947.

Henry G. Singer, of Brooklyn, and Arthur J. Kalmanowitz, of New York City, for defendant, for the motion.

J. Vincent Keogh, U. S. Atty., of Brooklyn (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, of counsel), for plaintiff, opposed.

BYERS, District Judge.

This is a motion, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, to dismiss both indictments, made after plea of not guilty as to each. The motion was permitted pursuant to paragraph (b) (3) of said Rule.

The grounds are:

1, 2 and 3. That both indictments fail to show jurisdiction in the court. The respective charges involve one transaction; and as to the first, the defendant is charged with manslaughter according to Title 18 U.S.C.A. § 453; as to the second, he is charged with assault under Title 18 U.S.C.A. §§ 451 and 455.

It will be assumed from the motion papers, pro and con, that the proof will show that the defendant is a citizen of Great Britain, who was chief cook on the S. S. BENJAMIN SILLIMAN, a merchant vessel of the United States which on March 27, 1947, was in command of W. S. Evans as master, and was proceeding out of the port of Ceuta, Spanish Morocco.

That between midnight and 2:00 A.M. of that day a fracas occurred in defendant's cabin, during the course of which one Elmo Martin was shot and the defendant Dixon was wounded. The master at once arranged for a doctor and a launch to attend the two men and take them ashore.

That at about 8:00 A.M., the master gave the British Consul at that port written authority to place a guard over both men, and to make a formal report to the United States Consul at Tangier.

That on April 2, 1947, the British Vice-Consul handed over the defendant to the master of the United States merchant ship RICHARDSON to transport him to this country. He was so brought to the port of New York and there arrested and taken into custody, on or about April 15, 1947, and is now held to answer these indictments which were filed in this court on August 27 and September 2, 1947, respectively.

The alleged crimes having been committed on the high seas or elsewhere out of the jurisdiction of any particular state or district, trial is proper in the district where the offender is found, or into which he is first brought, Title 28 U.S.C.A. § 102. See also Title 18 U.S.C.A. § 451, as to jurisdiction, and United States v. Flores, 289 U.S. 137, 53 S.Ct. 580, 77 L.Ed. 1086.

It is a reasonable inference that the master of the Silliman sought the aid of the British Consul in Ceuta in the absence of a United States Consul, and that the former acted on behalf of the master in keeping Dixon under guard, and in causing him to be transported to the United States, and there to answer a charge of having committed a crime on a merchant ship of the United States.

The court is not called upon to inquire how the defendant got here, so long as he was found in or was first brought to this district.

It is the present view that the master of the Silliman could have brought Dixon here in custody, and that he merely accomplished that purpose by securing the assistance of the British Vice-Consul and that of the master of the Richardson.

Dixon was not entitled to any intervention of the courts of Spanish Morocco, or of Great Britain. He had signed on a merchant ship of the United States and thereby subjected himself to the laws of this country, and he has been duly indicted, and must stand trial.

The foregoing disposes as well of the second and third points urged for him as of the first.

He was never in the custody of the British Vice-Consul as such, but the latter was requested by the master of the defendant's ship to assist in the discharge of the latter's duty and authority; no necessity for extradition arose, as the defendant never sought asylum in any country.　　•

4. That the indictments fail to set forth a crime under the laws of the United States. This is contradicted by the language

of the Statutes to which reference has been made.

It is no answer to the manslaughter charge that the alleged victim died ashore in the hospital, and not on the ship where seemingly he was shot, Title 18 U.S.C.A. § 553. See also Bostic v. Rives, 71 App.D.C. 2, 107 F.2d 649, at page 651.

This court is not called upon to direct which indictment is to be tried first.

Motion to dismiss denied. Settle order.