**ATLANTIC FISHERMEN'S UNION, ETC. et al. v. UNITED STATES.**

No. 4637.

United States Court of Appeals First Circuit.

Submitted March 27, 1952.

Decided April 7, 1952.

---

4. See 1950 U.S.Code Cong.Service, p. 4209.

International Union of North America, A. F. of L., New Bedford; a Massachusetts corporation, Seafood Producers Association of New Bedford, Mass., Inc., and five individual citizens of Massachusetts, in two counts for violation of the Sherman Act, or Sherman Anti-Trust Act, as it is commonly called. 26 Stat. 209, as amended, 50 Stat. 693, 15 U.S.C.A. § 1 et seq. The first count charges an unlawful combination and conspiracy formed and carried out in part within the District of Massachusetts in violation of § 1 of the Act, and the second count charges an unlawful monopolization, in part within the District of Massachusetts, of trade and commerce in the production and sale of fish in New Bedford, in violation of § 2, Id. In due course thereafter one of the individual defendants alleging himself to be a member and the secretary-treasurer of the unincorporated association named first above, and the other four individual defendants alleging themselves to be members of the unincorporated association named second above, moved to dismiss the indictment as to both associations for lack of jurisdiction on the ground that unincorporated associations were not indictable under the Act. In addition all the defendants, without waiving the above motion, moved to dismiss the indictment on a variety of other grounds, including failure to state facts sufficient to constitute a crime, repugnancy, vagueness and indefiniteness, and misbehavior of the grand jury. All defendants also moved for a bill of particulars. The motions were heard by the court below and by separate orders denied by that court on February 13, 1952. Ten days later, on Saturday, February 23, the defendants by their counsel attempted to file notices of appeal from the orders, but the office of the clerk of the District Court was closed as permitted by an amendment to Rule 16 of that Court. Notices of appeal from the orders were filed on Monday following, February 25.

Thereupon the United States as named appellee filed a motion in this court to consolidate the appeals, and with it served notice that it would file a motion to docket and dismiss each appeal. The United States accordingly filed and served such

Henry Wise, Boston, Mass., for appellants.

Gerald J. McCarthy, Sp. Asst. to Atty. Gen. and William J. Elkins and Alfred M. Agress, Sp. Attys., Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

A grand jury in the court below indicted two unincorporated associations, Atlantic Fishermen's Union, Seafarers' International Union of North America, A. F. of L., and Atlantic Fishermen's Union, Seafarers'

a motion grounded upon lack of appellate jurisdiction for the reason that the orders appealed from were not final, and also for the reason that the notices of appeal therefrom were not filed within ten days after the orders were entered.

The motion to consolidate is definitely in order and will be granted, and so also will the motion to docket and dismiss.

 With exceptions in no way material here (Title 28 U.S.C.A. § 1292) our appellate jurisdiction is limited by Title 28 U.S.C.A. § 1291 to "final decisions" of the district courts. And "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 1945, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911. Certainly the orders appealed from do not by any stretch of the imagination end the litigation in which they were entered and leave nothing for the court below to do but to execute its judgment. Indeed there is no judgment, but on the contrary the result of the orders is to leave the case standing for answer and eventual trial.

It may be, as the defendants urge, that in cases under the Sherman Act it would be desirable to have appellate review of interlocutory orders like the present in order that matters affecting the right to maintain the litigation can be finally determined before, rather than after, a lengthy and expensive trial which in the event the order were eventually reversed would be just so much wasted time, money and effort. But it is for Congress, not the courts, to decide when the established policy against piecemeal appeals shall give way to considerations of practical expediency peculiar to particular types of litigation. Since we are clearly of the view that the orders involved cannot be considered "final decisions", and hence are not appealable for that reason, there is no occasion for us to consider whether the notices of appeal were filed on time.