**Jack A. SNODGRASS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17484.**

United States Court of Appeals
Eighth Circuit.

Jan. 22, 1964.

Upton B. Kepford, Waterloo, Iowa, for appellant.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

## PER CURIAM.

The appeal is from an order denying appellant's motion to dismiss the indictment against him. The United States has moved to dismiss the appeal on the grounds that the order is not a final decision so as to be subject to a right of appeal under 28 U.S.C.A. § 1291, nor is it within the interlocutory orders enumerated in 28 U.S.C.A. §1292 as to which an appeal is permitted by that section.

Clearly, the denial of a motion to dismiss an indictment is not an appealable order either under § 1291 or § 1292. United States v. Tiplitz, 3 Cir., 202 F.2d 60; United States v. Golden, 2 Cir., 239 F.2d 877; Chereton v. United States, 6 Cir., 256 F.2d 576; Atlantic Fishermen's Union, etc., v. United States, 1 Cir., 195 F.2d 1021 and 1 Cir., 197 F.2d 519.

No holdings by federal courts of appeals have been found to the contrary. An expression of dictum occurs in Blount v. Huff, 79 U.S.App.D.C. 204, 144 F.2d 21, 22, which may seem to be in conflict. There, in declaring that the sufficiency of an indictment was not subject to collateral attack in habeas corpus proceedings, the court added that ruling on the sufficiency of the indictment by the trial court in the criminal case "was final, subject only to appeal to this Court, and no

appeal was taken". This statement has never been the subject of quotation or citation in any reported federal case. It is without support of any other federal authority.

The motion of the United States is granted and the appeal is hereby dismissed.