Clifford Keith MERRILL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 79–1038.

United States Court of Appeals,
Eighth Circuit.

Submitted May 2, 1979.
Decided May 14, 1979.

Clifford Keith Merrill, pro se.

Robert D. Hiaring, U. S. Atty., and Patricia Payne, Legal Intern, Sioux Falls, S. D., on brief, for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Clifford Keith Merrill, Jr., appeals from an order denying his motion to vacate his

sentence under 28 U.S.C. § 2255. We affirm.

On May 22, 1972, a grand jury returned an indictment charging Merrill with three substantive counts of bank robbery and one count of conspiracy to commit bank robbery. Specifically, he was charged with: (1) robbing Blackpipe State Bank in Martin, South Dakota, on October 26, 1970, in violation of 18 U.S.C. § 2113(a); (2) assaulting and putting into jeopardy the life of an officer of the bank, O. A. Hodson, by the use of a gun during the bank robbery, in violation of 18 U.S.C. § 2113(d); (3) striking Hodson during the bank robbery, "which acts did kill" him, in violation of 18 U.S.C. § 2113(e);[1] and (4) conspiring with three others to rob the bank, in violation of 18 U.S.C. §§ 2113(a) and 371.[2] At the conclusion of the trial, a jury found Merrill guilty on all four counts. The District Court imposed concurrent sentences of forty-five years on Count III and five years on Count IV. Merrill's conviction was affirmed by this Court. *United States v. Merrill,* 484 F.2d 168 (8th Cir. 1973).

Six years later, on December 28, 1978, Merrill filed the instant motion to vacate his sentence. In support of his motion, Merrill contended that Count III of the indictment was fatally defective in that it failed to allege the time and place of Hodson's death and the nature of the blow that caused his death. In addition, Merrill argued that the District Court had erred in instructing the jury that Count III did not charge him with murder. The District Court *sua sponte* dismissed Merrill's motion to vacate his sentence.

On this timely appeal, Merrill puts forth the same arguments as in the District Court. In arguing that Count III was fatally defective,[3] he relies principally upon *Ball v. United States,* 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377 (1891), in which the Supreme Court held that an indictment for murder must show the time and place of the victim's death in order "that the ac-

---

1. The applicable subsections of the bank robbery statute, 18 U.S.C. § 2113, read as follows:

    (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; * * *

    \* \* \* \* \* \*

    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

    \* \* \* \* \* \*

    (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

    (e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be

    imprisoned not less than ten years * * *. No claim of preindictment delay is raised by Merrill.

2. Two of the alleged coconspirators, Clayton Carl Shaw and Terry Lee Pigusch, were charged with conspiracy along with Merrill, while the third, Robert J. Bruce, was named as an unindicted coconspirator. Shaw was acquitted in a separate trial, the government dismissed the charge against Pigusch and Bruce pled guilty to bank robbery charges contained in a separate indictment.

3. Count III reads as follows:

    On or about the 26th day of October, 1970, at Martin, South Dakota, in the District of South Dakota, Clifford Keith Merrill, Jr. did wilfully, knowingly and unlawfully attempt to enter and enter a bank known as the Blackpipe State Bank, Martin, South Dakota, and a building used as a bank, with intent to commit in said bank a felony affecting said bank, and did take by force and violence and by intimidation and from the person and presence of an employee or officer of said bank, to-wit: O. A. Hodson, money belonging to, and in the care, custody, control, management and possession of the bank known as the Blackpipe State Bank of Martin, South Dakota, the deposits of which were then insured by the Federal Deposit Insurance Cor-

cused may be enabled to prepare his defense, and avail himself of his acquittal or conviction against any further prosecution for the same cause." *Id.* at 136, 11 S.Ct. at 767. Furthermore, the allegation as to the time of death was necessary to show that the death occurred within a year and a day from the date of the infliction of the injury,[4] while the allegation as to the place of death served to establish the jurisdiction of the court. *Id.* at 133, 11 S.Ct. 761.

■ Had Merrill asserted these objections to Count III prior to trial, as required by Rule 12(b), Fed.R.Crim.P., he might have been entitled to a dismissal of that count for failure to allege the time and place of Hodson's death.[5] Although the present case involves a killing during a bank robbery rather than a murder, the *Ball* rules would appear applicable. In particular, the time of death would be equally important in a case such as this as in a murder case, for the year-and-a-day rule would apply with equal force.

At this late date, however, the flaws in Count III do not warrant any relief under § 2255 as

> the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the

questions raised are of "large importance," that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction.

*Keto v. United States,* 189 F.2d 247, 251 (8th Cir. 1951). *See also United States v. Johnson,* 582 F.2d 1186, 1188 (8th Cir. 1978); *Houser v. United States,* 508 F.2d 509, 515 (8th Cir. 1974).

Merrill's challenge to the sufficiency of Count III fails to meet this test. The circumstances are unexceptional for he does not allege that he suffered prejudice in preparing his defense or avoiding double jeopardy, and the evidence at trial established that Hodson died on November 28, 1970, well within a year and a day from the date of the crime, at a hospital within the territorial jurisdiction of the District Court. Thus, while the questions raised are significant, the need for relief is not apparent. In addition, as in *Keto v. United States, supra* at 251, Count III "did not affirmatively show that the offense charged was one of which the District Court had no jurisdiction."[6] Therefore, Count III is not subject to collateral attack.

■ Merrill's only other argument is that the trial court erred in instructing the jury that Count III did not charge him with

---

poration, and in the course of said acts as aforesaid, did strike and beat said employee or officer, O. A. Hodson, which acts did kill O. A. Hodson, a human being, all in violation of 18 U.S.C. § 2113(e).

4. There is some law to the effect that if the death occurs more than a year and a day from the date of the blow, the law conclusively presumes the injury was not the cause of death. 40 Am.Jur.2d § 14, at 305 (1968). Although the indictment in *Ball* omitted the time of death, that omission was not fatal because it was evident from the timing of the indictment, which was filed within four months of the injury, that the year-and-a-day rule was satisfied. 140 U.S. at 136, 11 S.Ct. 761. In the present case, the indictment was not filed until over a year and a half after the injury.

5. Merrill's contention that the nature of the blow that caused the death must be alleged in the indictment is without support. In any

event, there was no question that Merrill's blows killed Hodson. The evidence showed that Merrill pistol-whipped Hodson, an 88-year-old man, and then kicked him after he had been bound and gagged; and that as a result, Hodson died about a month later.

6. In *Ball,* decided in 1891, the Supreme Court noted that, under the common law, the place of death governed the jurisdiction of the court in a murder case. 140 U.S. at 133, 11 S.Ct. 761. In 1909, Congress enacted a law, now codified at 18 U.S.C. § 3236, providing that all crimes of murder and manslaughter would be deemed to have been committed where the injury had been inflicted, regardless of where the death occurred. That provision eliminated the place of death as a jurisdictional basis. *Bostic v. Rives,* 71 App.D.C. 2, 107 F.2d 649 (1939), *cert. denied,* 309 U.S. 664, 60 S.Ct. 593, 84 L.Ed. 1011 (1940).

murder.[7] Generally, an improper jury instruction is not cognizable in a § 2255 proceeding unless it is "of constitutional magnitude or 'inherently results in a complete miscarriage of justice.'" *Catches v. United States,* 582 F.2d 453, 458 n.11 (8th Cir. 1978), *quoting from Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Though the District Court may have overstated the difference between a violation of § 2113(e) and murder, especially felony-murder, the error, if any, was neither of constitutional magnitude nor did it result in a miscarriage of justice.

Accordingly, we affirm the order denying Merrill's motion to vacate his sentence.

---

7. The alleged error occurred in the following cautionary instruction given near the end of the government's case:

It is not murder that this gentleman here is charged with, nor is it murder that Mr. Bruce was charged with. Now, yours is not to speculate. There are different elements in the charge of straight murder. The instructions will further advise you as we go through the trial and as we complete it. I hope that this settles once and for all this question of murder. You are not to use the term or consider the term of murder in this case.