## PAGETT v. McCAULEY, Warden.

Circuit Court of Appeals, Ninth Circuit.

April 2, 1938.

Chester W. Pagett, in pro. per.

Before WILBUR, Circuit Judge.

WILBUR, Circuit Judge.

In a letter addressed to me by Chester W. Pagett, he states, among other things, his desire to appeal from a decision of the District Court for the Eastern District of Washington denying his petition for writ of habeas corpus. The letter is accompanied by the record in that case and will be considered as an application for leave to appeal from such order.

The letter is accompanied by an application to proceed in forma pauperis. In the petition for writ of habeas corpus addressed to the District Court, petitioner complains that he was forced to trial on an indictment for forgery without his employed counsel and with the assistance of a court appointed attorney, in the absence of witnesses he desired to summon. He claims that he was thereby denied a right guaranteed to him by the Constitution of the United States. This question could be raised on appeal from the judgment of conviction, and it is doubtful if it can be raised collaterally by petition for a writ of habeas corpus. Johnson v. Zerbst, 5 Cir., 92 F.2d 748.

The District Court denied the application upon the ground that two similar applications by the petitioner already had been heard and denied. In the order denying the present application the court stated that the testimony adduced by the petitioner upon the previous applications did not sustain the allegations of the petition in that the only facts alleged in the petition which gave this court jurisdiction in the premises were not true, and this was established by the record of the superior court in which the petition was tried. The court further stated in its order that the matters and things presented in the present petition were the same as those considered by the court on two previous petitions by the petitioner, one denied June 8, 1937, and the other December 30, 1937.

In denying the present petition the court properly took judicial notice of its own records. Petitioner had a right of appeal, but did not exercise it. In view of the two previous hearings wherein the court finds the same issue had been presented, it was not an abuse of discretion to deny a third application based on the same ground. The opportunity to be heard upon the second application for a writ of habeas corpus before the same judge or another judge of the

same jurisdiction who had denied a prior similar application justifies a denial of the renewed application. In Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989, the Supreme Court held that a prior refusal to discharge a petitioner on an application for writ of habeas corpus was a matter to be considered upon a subsequent application made on similar grounds. The court cited the decision of Ex parte Cuddy, C.C., 40 F. 62, rendered by Mr. Justice Field while on circuit. See all other cases cited by the Supreme Court in Salinger v. Loisel, supra; In re Simmons, C.C., 45 F. 241; Ex parte Moebus, C.C., 148 F. 39; In re Kopel, D.C., 148 F. 505.

Application for leave to appeal is denied.