No. 35,156

In the Matter of C. H. Cochran for a Writ of Habeas Corpus (C. H. Cochran, *Petitioner*, v. Milton F. Amrine, Warden of the Kansas State Penitentiary, *Respondent*).

(113 P. 2d 1048)

Opinion filed June 7, 1941.

*C. H. Cochran* pro se.

*Jay S. Parker*, attorney general, *Jay Kyle*, assistant attorney general, and *Walter Biddle*, county attorney, for the respondent.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in habeas corpus. The petitioner alleges he is an inmate of our state penitentiary, where he is being held under a commitment issued May 29, 1933, out of the district court of Sumner county, authorizing his imprisonment for life, and that the commitment is void for the following reasons: The record shows (1) jurisdiction of the court to issue the commitment "was procured through the reckless contrivance in the pretense of a trial which in and by itself, deprived your petitioner of every right secured to him by the state and federal constitution, and precluded . . . 'due process of law.'" (2) That the court went beyond the bounds of judicial discretion in overruling his motion without a hearing. (3) That the duly authorized officers unlawfully suppressed his appeal documents and deprived him of his lawful rights of appeal. (4) That after his imprisonment the then warden and other officers of the prison suppressed and refused to permit him to mail documents pertaining to an appeal and to habeas corpus. That the records will show (1) that he has consistently been deprived of due process of law by the courts and the officers and agents of the state; (2) that his previous petitions have been dismissed by the courts of the state, without recourse to the record, upon the

unfounded assumption the record shows his conviction by an orderly trial within the requirements of due process of law, and (3) that the officers and agents of the state are exercising unlawful authority over your petitioner, obtained by methods contrary to due process of law.

All these allegations are made in the most general terms, void of any specifically alleged, controvertible facts; yet, in order that petitioner might not be deprived of any of his rights, we waived our rules respecting a deposit for costs and the printing of abstract and brief, allowed the petition to be filed, and directed respondent to file a return. Respondent has prepared and filed his return, which includes pertinent records of the trial, and a copy thereof was served upon the petitioner, who now complains that the records have been brought before the court; also, briefs have been filed by both parties.

Except in one particular, later to be noted, the record shows none of the facts alleged by the petitioner. On the contrary, it shows that on December 2, 1932, a complaint, in writing, was filed before a justice of the peace of Sumner county, charging defendant in one count with forgery of a described check, and in a separate count with the uttering of the check in Sumner county. A warrant issued on this complaint was delivered to the sheriff, who on April 12, 1933, arrested the petitioner in Harper county and brought him into Sumner county. On the 20th day of April, 1933, a preliminary examination was held before the justice of the peace, at which the state was represented by the county attorney, and the defendant appeared in person and by his attorney, apparently one chosen and employed by him. As a result of that hearing he was bound over for trial to the district court. Thereafter an information was duly filed charging the same offenses charged in the warrant. The case came regularly on for trial in the district court on May 15, 1933. Defendant was present in court and represented by counsel throughout the trial. Being unable to prove the forgery was committed in Sumner county, the county attorney in effect withdrew that count from the jury. A verdict of guilty was rendered upon the second count. On May 20, defendant's motion for a new trial and his motion in arrest of judgment came on to be heard. These were considered and overruled. On May 29, 1933, there was a hearing upon the sentence. Upon evidence produced at that time by the county attorney the court found defendant previously had been convicted of two other separate and distinct felonies, and under the statute (G. S. 1935, 21-107a) he was sentenced to life imprisonment.

There is nothing in the record to indicate that the petitioner attempted to appeal his case to the supreme court. There is nothing in the record of the proceedings in the court below to indicate any irregularity in the petitioner's trial and conviction, and certainly nothing to indicate that his commitment was void for any reason.

Soon after the petitioner was confined in the penitentiary he made some effort to file a habeas corpus petition. Under rules then prevailing at the penitentiary these were not permitted to be sent out, and this much of the allegations of the petition in this case has some basis. These rules did not prevail long, however, and in October, 1935, he filed a petition for habeas corpus in this court. That was duly considered and a carefully prepared opinion was filed denying the petition. (*Cochran v. Simpson,* 143 Kan. 273, 53 P. 2d 502.) Some of the questions sought to be raised in this proceeding were presented to the court at that time. All of them might have been and should have been presented in that proceeding. While a court should be liberal in entertaining habeas corpus proceedings, there is no reason to reconsider the same questions repeatedly.

In addition to the cases in this court the petitioner has filed in the federal court two petitions for habeas corpus, each of which was dismissed by the court because it failed to present a substantial federal question. Also, he has had one or more cases in the district court of Leavenworth county, where the same result was reached. We entertain this case only because of plaintiff's allegations respecting the records in the trial court. No evidence has been offered to support those allegations other than the bare statement of the petitioner. The records of courts are not set aside upon the unsupported statements of a defeated litigant.

The writ prayed for is denied.

Filed under the same docket number of this proceeding is a notice of appeal from the judgment of the district court of Leavenworth county, rendered December 11, 1940, and a copy of a journal entry, which recites a finding of the court that the petition for habeas corpus then being considered does not state facts sufficient to warrant the issuing of the writ. Nothing further is filed respecting that appeal. The petition ruled upon by the district court is not before us. The appeal is therefore dismissed.