No. 35,156

C. H. COCHRAN, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent*.

(133 P. 2d 93)

 Opinion on postdecision motions filed January 7, 1943. (For former opinions denying the writ, see 153 Kan. 777, 113 P. 2d 1048; 155 Kan. 777, 130 P. 2d 605, and opinions on postdecision motions filed December 24 and December 30, 1942.)

The opinion of the court was delivered by

HARVEY, J.: On December 30, 1942, petitioner, acting in his own behalf, filed a "motion to reinstate" the documents stricken from the files by the court's opinion filed December 24, 1942. This motion is considered and denied. The court declines to permit its files to be encumbered with pleadings which contain impertinent and scandalous matter, as those terms are used with respect to pleadings in court. It does no good for petitioner to say he "is most respectful to this court" and at the same time to file pleadings containing general statements barren of issuable allegations of fact which are most disrespectful to the court; to the member of the court to whom fell the task of writing the opinion of the court in this case; to his own attorney, selected by him and appointed by the court, who, without compensation or hope of it, has labored diligently and conscientiously to present the petitioner's case as favorable to him as the facts would warrant; to the court reporter, whose impartial duties in the case were not designed to favor anyone, and to many others not so closely associated with this action.

On the same day, December 30, 1942, petitioner, acting in his own behalf, filed in this court a document designated: "Re: Opinion on postdecision motions—motions to re-hear"; also a letter addressed to "E. E. Clark, clerk state supreme court"; also a document designated "Application for change in transcript of testimony." Each of these is stricken from the files because of the impertinent and scandalous matter contained in them.

On the same day, December 30, 1942, petitioner filed in this court a letter written by him addressed to "W. W. Harvey, justice, state supreme court," and asked to have it filed as a part of the record in his case. Obviously this is a personal letter, has no place

in the files, and is stricken therefrom. It is also stricken from the files because of the impertinent and scandalous matter contained therein. The petitioner wrote another letter, dated December 31, 1942, to the same addressee, which was received by him January 2, 1943. Neither of the letters will be answered. The relations between the petitioner and the member of the court to whom was assigned the task of writing the opinion in this case are professional rather than personal.

Also, on December 30, 1942, the petitioner, acting on his own behalf, filed in this court a "Motion to rehear," but in a letter to the clerk of the court, filed January 4, 1943, asked to withdraw that motion and to be permitted to file another instead. This request is granted; also the "motion to rehear," filed December 30, 1942, is stricken from the files because of impertinent and scandalous matter contained therein.

On January 4, 1943, the petitioner, acting in his own behalf, filed a "motion to re-hear." This does not contain the impertinent and scandalous matter of the type referred to in other documents filed by the petitioner hereinbefore mentioned and the same has been considered by the court.

The petitioner asks for a rehearing upon the ground, *first,* "that the opinion of this court is incorrect and not upon the evidence submitted." We have reconsidered that question and find that this ground of the motion is without merit.

The second ground of the motion, which for clarity we divide into three parts, reads:

(a) "And that the findings of this court is prejudicial." No specific thing is pointed out. We see no reason to say that the findings are prejudicial, unless findings adverse to a litigant may always be said to be prejudicial.

(b) "And not after its former findings that a rule by the prison officials and the board of administration precluded the filings of habeas corpus in the state courts." Obviously this refers to a statement in the opinion of this court in petitioner's case (153 Kan. 777, at page 779, 113 P. 2d 1048). Examining the statement there made, we find that it is more favorable to the petitioner than the evidence upon this hearing has demonstrated the facts to be. In any event, it was said with respect to habeas corpus proceedings. In the same opinion and on the same page it was said: "There is nothing in the record to indicate that the petitioner attempted to appeal his

case to the supreme court." This language should not be overlooked if it really is the petitioner's contention that the court now, after the hearing, should be bound by language it used respecting these matters in the opinion referred to.

(*c*) "Which was did [done] on appeal notice and briefs of the petitioner." We find no evidence in the record to support this statement.

The motion to rehear is denied. The judgment contained in the opinion of the court (155 Kan. 777, 130 P. 2d 605) denying the writ of habeas corpus is adhered to. This action may be deemed closed.