708

ROOKARD v. HUFF.

No. 8673.

United States Court of Appeals

District of Columbia.

Decided Dec. 4, 1944.

Mr. James A. Cobb, of Washington, D. C. (appointed by this Court) for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellant was indicted for robbery, on four charges. He pleaded not guilty; was tried and convicted in one case; whereupon he withdrew his pleas in the other three and entered pleas of guilty. He was sentenced to serve consecutive terms totaling eight to twelve years. Thereafter, he filed a petition for a writ of habeas corpus. The court granted the writ; appointed an attorney to represent the petitioner; a full hearing was held; findings of fact were made; the court concluded that he was properly detained and discharged the writ. Thereafter, appellant presented a second petition for a writ of habeas corpus, together with a pauper's oath. The trial court permitted the petition to be filed and directed appellee to show cause why a writ should not be granted. To this rule, appellee made his return, setting forth the facts stated above and attaching the findings of fact and conclusions of law in the previous habeas corpus proceeding. Thereupon, the court discharged the rule and denied the petition. This appeal followed.

The record reveals that the allegations of appellant's petition in the present case brought to the court's attention exactly the same grounds as those urged by him in his earlier petition upon which he was given a full hearing. The question is thus squarely presented whether the procedure of habeas corpus can be used to require repeated consideration of the same grounds; repeated hearings to determine their sufficiency; and repeated determination of the question whether the petitioner is properly held. Whatever justification there may be for permitting such procedure in the case of a person committed for insanity,[1] there is none in the present case. If the commitment was proper in the first place, detention under it continues to be proper until the sentence imposed has been served. Although lapse of time may restore sanity, it cannot change the fact of guilt. There is no question here concerning termination of sentence. Illegality of detention, if it exists, must result from illegality of commitment.

Here the jurisdiction of the court is conceded both as to the cause and the person; the only contention urged is that the judgment is void because of deprivation of due process at the robbery trials;

[1] Cf. In re Rosier, 76 U.S.App.D.C. 214, 225, 133 F.2d 316, 327.

this, in turn, being based upon the theory that counsel assigned to represent appellant failed to provide adequate representation. The allegations, at best, provide little support for the theory or for the contention.[2] But here the contention has been already considered at a full hearing and determined adversely to appellant. Following the hearing upon the first petition, the trial judge found that appellant was "diligently represented by counsel," at the trial of these cases. While the rule of res judicata does not apply in habeas corpus proceedings,[3] nevertheless, the trial judge to whom a petition is presented may examine the record in making his determination whether its allegations are sufficient.[4] This he can do even without issuing a rule to show cause.[5] In the present case, out of an abundance of caution, a rule to show cause was issued, thus bringing formally into court a record of which he might have taken judicial notice.[6] No more was necessary. The applicable rule was succinctly stated by Justice Edgerton in the Pope case: "Though the doctrine of res judicata does not apply to habeas corpus proceedings, the fact that the same issues have been decided in a former proceeding may, and sometimes should, as a matter of judicial discretion, be given controlling weight. In our opinion the present situation 'was one where, according to a sound judicial discretion, controlling weight must have been given' to the prior adjudication. It is therefore immaterial whether the District Court, in dismissing the present petition, correctly exercised its discretion or incorrectly applied the rule of res judicata."[7]

Affirmed.

---

[2] See Bochman v. Green, 78 U.S.App. D.C. 83, 136 F.2d 804; Bostic v. Rives, 71 App.D.C. 2, 107 F.2d 649; Pagett v. McCauley, 9 Cir., 95 F.2d 839.

[3] Waley v. Johnston, 316 U.S. 101, 105, 62 S.Ct. 964, 86 L.Ed. 1302; Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989.

[4] See cases cited note 6 infra. Salinger v. Loisel, 265 U.S. 224, 232, 44 S.Ct. 519, 68 L.Ed. 989.

[5] Pope v. Huff, 79 U.S.App.D.C. ——, 141 F.2d 727; Pagett v. McCauley, 9 Cir., 95 F.2d 839; cf. Beard v. Bennett, 72 App.D.C. 269, 114 F.2d 578.

[6] Pagett v. McCauley, 9 Cir., 95 F.2d 839; Craemer v. Washington State, 168 U.S. 124, 129, 18 S.Ct. 1, 42 L.Ed. 407; Andersen v. Treat, 172 U.S. 24, 29, 31, 19 S.Ct. 67, 43 L.Ed. 351.

[7] Pope v. Huff, 79 U.S.App.D.C. ——, 141 F.2d 727, 728.