### DIGGS v. WELCH, Superintendent D. C. Reformatory.

No. 8880.

United States Court of Appeals District of Columbia.

Argued Jan. 19, 1945.

Decided Feb. 26, 1945.

Writ of Certiorari Denied June 18, 1945.

See 65 S.Ct. 1576.

Mr. Joseph Stein, of Washington, D. C. (appointed by District Court), for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This is an appeal from an order of the District Court dismissing without a hearing a petition for a writ of habeas corpus. Appellant had been convicted and sentenced on a charge of grand larceny after a plea of guilty. His petition for habeas corpus states that he was coerced and intimidated to enter a plea of guilty by the attorney appointed by the court to defend him. The more particular allegations of the petition, however, do not support the allegations of coercion and intimidation. In effect they amount only to a charge that the attorney appointed to represent petitioner gave him such bad advice through negligence or ignorance in connection with entering his plea that he cannot be said to have been represented by effective or competent counsel.

There is no allegation that the court did not select defendant's counsel with care and with due regard for appellant's constitutional right. We must assume that the court appointed a reputable member of the bar in whom it had confidence. The issue presented on this record, therefore, is whether a prisoner may obtain a writ of habeas corpus on the sole ground that counsel properly appointed by the court to defend him acted incompetently and negligently during the proceedings.

It is clear that once competent counsel is appointed his subsequent negligence does not deprive the accused of any right under the Sixth Amendment. All that amendment requires is that the accused shall have the assistance of counsel.[1] It does not mean that the constitutional rights of the defendant are impaired by counsel's mistakes subsequent to a proper appointment.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." U.S.Const. Amend. VI.

■■ The petitioner here must, therefore, rely upon the due process clause of the Federal Constitution which guarantees him a fair trial.[2] But to justify habeas corpus on that ground an extreme case must be disclosed. It must be shown that the proceedings were a farce and a mockery of justice.[3] No doubt in such cases careless representation of the defendant by his attorney may contribute to the lack of due process of the trial as a whole. But if so, it is only one of the factors leading to the violation of petitioner's constitutional rights. In such a case the court has neglected its duty in failing to give the accused protection.[4] The prosecuting attorneys have violated their duty as officers of the court in obtaining a conviction by proceeding in defiance of the orderly administration of justice.[5] Carelessness of counsel is not the ground for habeas corpus in such a case. If relied on it must be as one of the evidentiary facts which, coupled with others, show a violation of the Fifth Amendment.

The Supreme Court has been jealous in preserving the right of every accused to a fair trial. It has held that a defendant's right to assistance by counsel is not satisfied by the mere formality of an appointment of an attorney by the court.[6] There must be "effective" representation.[7] We are aware that if that word be construed in a broad and liberal sense it would follow that on habeas corpus the court would have to review the entire trial and consider all the alleged mistakes, failures to object to the introduction of evidence and errors in advice which the ingenuity of a convict could set down on paper during the enforced leisure of his confinement.[8] This would become necessary under the ruling of the Supreme Court that a hearing must be held on a petition for habeas corpus which contains allegations sufficient on their face regardless of their improbability.[9]

The result of such an interpretation would be to give any Federal prisoner a hearing after his conviction in order to air his charges against the attorney who formerly represented him. It is well known

---

[2] "No person shall be * * * deprived of life, liberty, or property, without due process of law; * * *." U.S.Const. Amend. V.

[3] Moore v. Dempsey, 1923, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Brown v. Mississippi, 1936, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

[4] Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Avery v. Alabama, 1940, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377; Powell v. Alabama, 1932, 287 U.S. 45.

[5] Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Brown v. Mississippi, 1936, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682.

[6] Avery v. Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Powell v. Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. United States, 1940, 71 App.D.C. 400, 110 F.2d 562.

[7] For example, in Glasser v. United States, 1942, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680, the Supreme Court held that the appointment of an attorney who represented another defendant with possible conflicting interests was not effective representation. See

also Tomkins v. Missouri, 1945, 65 S.Ct. 370; Bostic v. Rives, 1939, 71 App.D.C. 2, 5, 107 F.2d 649; Johnson v. United States, 1940, 71 App.D.C. 400, 110 F.2d 562; Thomas v. District of Columbia, 1937, 67 App.D.C. 179, 90 F.2d 424.

[8] See Achtien v. Dowd, 7 Cir., 1941, 117 F.2d 989; Ex parte Kramer, 1942, 61 Nev. 174, 122 P.2d 862, appeal dismissed Kramer v. Sheehy, 316 U.S. 646, 62 S.Ct. 1283, 86 L.Ed. 1730.

[9] Walker v. Johnston, 1941, 312 U.S. 275, 287, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 1942, 316 U.S. 101, 104, 62 S.Ct. 964, 86 L.Ed. 1302; Cochran v. Kansas, 1942, 316 U.S. 255, 256, 62 S.Ct. 1068, 1069, 86 L.Ed. 1453: "The Kansas Supreme Court denied the writ, stating that 'the records of courts are not set aside upon the unsupported statements of a defeated litigant.' Cochran v. Amrine, 153 Kan. 777, 113 P.2d 1048, 1049. We accept the court's conclusion that the record, showing that Cochran was represented by counsel throughout, and revealing on its face no irregularities in the trial, is sufficient refutation of his unsupported charge that he was denied the right to summon witnesses and testify for himself."

This court recently stated that "the trial judge to whom a petition is presented may examine the record in making his determination whether its allegations are sufficient." Rookard v. Huff, 1944, 79 U.S.App.D.C. 291, 145 F.2d 708, 709.

that the drafting of petitions for habeas corpus has become a game in many penal institutions. Convicts are not subject to the deterrents of prosecution for perjury and contempt of court which affect ordinary litigants. The opportunity to try·his former lawyer has its undoubted attraction to a disappointed prisoner. In many cases there is no written transcript and so he has a clear field for the exercise of his imagination. He may realize that his allegations will not be believed but the relief from monotony offered by a hearing in court is well worth the trouble of writing them down. To allow a prisoner to try the· issue of the effectiveness of his counsel under a liberal definition of that phrase is to give every convict the privilege of opening a Pandora's box of accusations which trial courts near large penal institutions would be compelled to hear.

Moreover, even if the allegations of mistakes on the part of counsel happen to be true it is not practical to review them on habeas corpus except as details in a larger picture. Few trials are free from mistakes of counsel. How much these mistakes contributed to the result can never be measured. There are no tests by which it can be determined how many errors an attorney may make before his batting average becomes so low as to make his representation ineffective. The only practical standard for habeas corpus is the presence or absence of judicial character in the proceedings as a whole.

■ For these reasons we think absence of effective representation by counsel must be strictly construed. It must mean representation so lacking in competence that it becomes the duty of the court or the

prosecution to observe it and to correct it. We do not believe that allegations even of serious mistakes on the part of an attorney are ground for habeas corpus standing alone. The cases where the Supreme Court has granted habeas corpus on the ground that there was no fair trial support this interpretation of the absence of effective representation. They are all cases where the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice. Measured by the test of these cases the allegations in the petition before us are insufficient to require a hearing.

The judgment of the court below dismissing the petition will, therefore, be

Affirmed.

GRONER, C. J. (concurring).

The petition shows on its face that the charge against assigned counsel of intimidation and coercion and of ignorance and neglect is based solely on the advice of counsel that petitioner had better plead guilty to the lesser charge of grand larceny than go to trial on the indictment of robbery, because, otherwise, he would likely be found guilty on his previous record and be given a heavier penalty.

This may have been an unwise recommendation, but, on the other hand, it may very well have been sound and practical advice and, lacking the charge of corrupt or improper motive, is not enough. In the nature of things, no hearing now will throw conclusive light on that question. I am therefore of opinion the District Judge was correct in dismissing the petition without hearing.