## MORTON v. WELCH.

### No. 5621.

Circuit Court of Appeals, Fourth Circuit.

June 20, 1947.

---

[1] McNabb v. U. S., 318 U.S. 332, 340, 63 S.Ct. 608, 87 L.Ed. 819.

John W. Morton, pro se.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va. (Harry H. Holt, Jr., U. S. Atty, of Hampton, on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

The appellant in this habeas corpus case was indicted, tried and convicted in the District Court of the United States for the District of Columbia, for the crime of second-degree murder. The verdict was rendered on December 6, 1943. A motion for a new trial was made and overruled. He was then sentenced to a term in prison of from fifteen years to life. In due course he appealed to the United States Court of Appeals for the District of Columbia, where, on January 22, 1945, the judgment was affirmed. Morton v. United States, 79 U.S.App.D.C. 329, 147 F.2d 28. At the trial of the case in the District Court, he was represented by counsel of his own selection; and in the Court of Appeals he was represented by counsel appointed by the District Court to prosecute the appeal.

Thereafter, he filed a petition for habeas corpus in the District Court for the Eastern District of Virginia, on which the District Judge issued a rule against the appellee to show cause, on June 27, 1946. The District Judge also appointed counsel to represent the petitioner at the hearing. After answer by the appellee, evidence was heard by the Court with respect to an issue of fact raised by amendment ot the petition and thereafter the District Judge filed a memorandum opinion and subsequently an order, discharging the writ and dismissing the petition. From that order this appeal has been taken.

In his very lengthy and largely argumentative petition for the writ, the appellant challenges the validity of the judgment and sentence under which he is held in custody on very numerous grounds. The principal contentions are:

(1) The trial court was without jurisdiction to try the case under an alleged illegal indictment;

(2) The petit jury was selected in the absence of the defendant and his counsel;

(3) His trial counsel, by reason of personal preoccupation owing to recent notice of induction under the Selective Service Act, 50 U.S.C.A.Appendix, § 301 et seq., was unable to effectively try the case; and

(4) Errors of the trial judge in the admission of evidence, instructions to the jury and failure to dismiss the case for insufficiency of evidence, which was largely circumstantial in nature.

On the record before us and after consideration of the appellant's brief and oral argument of counsel for the appellee, we find no legal merit in the appellant's contentions on this appeal.

The point made with respect to the sufficiency of the indictment is that the prosecution should have been by the District of Columbia and not by the United States. This contention is untenable in view of the applicable provisions of the District of Columbia Code of 1940. It provides (Title 23, Section 101) that prosecutions for violations of municipal ordinances or regulations and penal statutes of that nature, where the maximum punishment is a fine only or imprisonment not to exceed one year, shall be conducted in the name of the District of Columbia, but "All other criminal prosecutions shall be conducted in the name of the United States and by the attorney of the United States for the District of Columbia or his assistants."

Title 22, Section 2404 of that Code provides that punishment for murder in the second degree shall be by imprisonment for life or not less than twenty years. And by Title 11, Section 306 of the Code, the District Court of the United States for the

District of Columbia was given jurisdiction of all crimes and offenses committed within the District, with exceptions not here material. As the homicide in this case occurred in the District of Columbia and the prosecution was for second-degree murder, it is clear that under these Statutes, the prosecution by the United States in the District Court was proper.

At the hearing of the habeas corpus petition, appellant testified that he and his attorney were not present when the petit jury was selected for the trial of his case, on the indictment for second-degree murder, but the District Judge found that appellant's unsupported statement to this effect was not sufficient to overcome the presumed regularity of the proceedings with respect to the impaneling and swearing of the jury, as shown by the docket entries, supplemented by the personal testimony of the Clerk of the Court to the effect that defendant and his counsel were present in Court when the jury was sworn, and in view also of the belated contention, as the point had not been made in the criminal proceedings, either at the trial or in the appellate court.

■ Furthermore, objections to the personnel of a selected jury must be made at the trial or they are considered to have been waived. Johnson v. United States, 225 U.S. 405, 32 S.Ct. 748, 56 L.Ed. 1142; Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178, certiorari denied 310 U.S. 640, 60 S.Ct. 1086, 84 L.Ed. 1408; Koch v. United States, 4 Cir., 150 F.2d 762, 763.

■ Nor is there any substance in the point now made that the appellant's trial counsel in the criminal case was inefficient in presenting the defense. The attorney was of the defendant's own selection and there is no charge made that he was not ordinarily competent or lacked good faith in the particular case. It is not permissible, in a habeas corpus case, to attack the validity of the judgment in a criminal case, merely on the ground that the defendant was inadequately represented by his own deliberately selected counsel. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; Setser v. Welch, 4

Cir., 159 F.2d 703, certiorari denied June 2, 1947, 67 S.Ct. 1510.

■ The other objections now raised by the appellant involve only alleged errors in the trial of a criminal case where the evidence was principally circumstantial. Considered either singly or collectively, they do not show "any such gross violation of constitutional right as would deny the prisoner the substance of a fair trial and thus oust the court of jurisdiction to impose sentence." Cash v. Huff, 4 Cir., 142 F.2d 60. What we said in the case just cited is again here appropriate: "What we have is nothing more than an attempt by habeas corpus to review the proceedings had on the trial. This the prisoner may not do."

The order is accordingly affirmed.