## UNITED STATES v. GUNDELFINGER.
### Crim. A. No. E–4873.

United States District Court
W. D. Pennsylvania.
Jan. 18, 1952.

See also 98 F.Supp. 630.

Edward C. Boyle, U. S. Atty., Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

John D. Ray, Reed, Ewing & Ray, Beaver, Pa., for defendant.

STEWART, District Judge.

The defendant was indicted on 15 counts of sending obscene, lewd and lascivious matter through the United States mail. A jury, on October 30, 1951, found the defendant guilty on all counts as indicted. Defendant has moved for a new trial for the following general reasons:

1. The verdict is contrary to the weight of the evidence.

2. The verdict is not supported by substantial evidence.

3. The verdict was contrary to law.

The only issue requiring our discussion relates to the defense of insanity. It is contended by counsel for defendant that the record discloses such substantial doubt of defendant's sanity that the verdict should be set aside and a new trial granted. At the trial, a psychiatrist testified that he did not believe that the defendant had, at the time of the trial, "the capacity or judgment to determine in the ordinary, normal way what is right and what is wrong" (Transcript, p. 83). In addition, the psychiatrist testified that he was of the opinion based on a recent examination of the defendant and on the writings and past history of the defendant that the defendant's present condition had existed for several years and that it did exist at the time of the commission of the offense.

 Whenever insanity is put in issue in a criminal case, the burden is on the accused to overcome the presumption of sanity by evidence sufficient to create a reasonable doubt as to his mental capacity. Davis v. U. S., 1895, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499; Holloway v. U. S., 1945, 80 U.S.App.D.C. 3, 148 F.2d 665, certiorari denied 1948, 334 U.S. 852, 68 S.Ct. 1507, 92 L.Ed. 1774. Once that is done, the burden is on the prosecution to establish the sanity of the accused and in such a situation, the Court must instruct the jury that in order to convict they must believe beyond a reasonable doubt that the defendant was sane at the time of the offense. Davis v. U. S., supra; Holloway v. U. S., supra. Such an instruction was given in this case. The defendant does not object to the sufficiency of the instruction given; rather, he argues that the jury neglected to follow it and that, on the evidence in this case, the jury should have returned a verdict of not guilty by reason of insanity.

 In the case of United States ex rel. Wing v. Commonwealth, D.C.W.D.Pa. 1950, 90 F.Supp. 208, at page 211, Judge Gourley of this Court has outlined the tests to be applied in determining when insanity constitutes a legal defense to the commission of a crime, as follows:

"In order for insanity to be a legal defense to the commission of a crime there must be:

"(a) Such a perverted and deranged condition of the mental and moral faculties as to render a person incapable of distinguishing between right and wrong; or

"(b) he must be unconscious and unaware at the time of the nature of the act he is committing; or

"(c) where, though conscious of it and able to distinguish between right and wrong and know that the act is wrong, yet his will, or the governing power of his mind, has been otherwise than voluntarily, so completely destroyed that his actions are not subject to it, but are beyond his control."

These tests differ from those applied by psychiatrists in determining insanity. In Holloway v. U. S., supra, Judge Arnold discussed and compared the tests of criminal responsibility with the medical tests for insanity as follows in 148 F.2d 667: "A complete reconciliation between the medical tests of insanity and the moral tests of criminal responsibility is impossible. The purposes are different; the assumptions behind the two standards are different. For that reason the principal function of a psychiatrist who testifies on the mental state of an abnormal offender is to inform the jury of the character of his mental disease. The psychiatrist's moral judgment reached on the basis of his observations is relevant. But it cannot bind the jury except within broad limits. To command respect criminal law must not offend against the common belief that men who talk rationally are in most cases morally responsible for what they do."

The court, in Holloway v. U. S., supra, affirmed the lower court which refused to set aside the verdict of guilty although two psychiatrists had testified that the defendant was of unsound mind and at the time of the offense could not tell right from wrong, and, in doing so, summarized the function of the trial court on a motion such as this, 148 F.2d at page 667, as follows: "The institution which applies our inherited ideas of moral responsibility to individuals prosecuted for crime is a jury of ordinary men. These men must be told that in order to convict they should have no reasonable doubt of the defendant's sanity. After they have declared by their verdict that they have no such doubt their judgment should not be disturbed on the ground it is contrary to expert psychiatric opinion. Psychiatry offers us no standard for measuring the validity of the jury's moral judgment as to culpability. To justify a reversal circumstances must be such that the verdict shocks the conscience of the court."

 Since, as stated above, the defendant does not complain in regard to the Court's charge as it relates to the defense of insanity, the question is simply whether the jury correctly applied the instructions which the Court gave, and, more specifically, whether in view of the testimony of Dr. Pearson, the psychiatrist called on behalf of the defendant, the jury was warranted in reaching a guilty verdict. We believe that they were for the reasons set forth in Holloway v. U. S., supra, where the same issue was before the court.

It may be noted that the evidence in the Holloway case was stronger in favor of the defendant than in this case. Here, one psychiatrist testified that, based on an examination of the defendant made more than four years after the commission of the offenses charged in the indictment and based on a reading of his writings and on the past history of the defendant, in his professional opinion the defendant did not have the capacity to distinguish between right and wrong at the time of the commission of the offense, while in Holloway v. U. S., supra, two psychiatrists testified to this effect. Moreover, the testimony of the psychiatrist in this case in this regard was weakened somewhat on cross-examination. When informed that the defendant refrained for certain periods during the last five years from writing about his sexual theory because he did not want to get into trouble with the law, the psychiatrist testified that this additional information indicated that the defendant had greater capacity to control his activities than he had given him credit for in his prior testimony.

We conclude that the jury's verdict was fully warranted under the law and the evidence and should not be set aside by the Court. Defendant's motion for a new trial will be denied.