Alexander L. PIASCIK, Petitioner,

v.

Robert A. HEINZE, Warden, Folsom State Prison, Represa, California, Respondent.

No. 7950.

United States District Court
N. D. California, N. D.

Oct. 29, 1959.

---

2. See, for example, F.R.Civ.P. 26 and 31.

**OLIVER J. CARTER**, District Judge.

Petitioner here is confined as a state prisoner in the California State Prison at Folsom. His application for a writ of habeas corpus was filed with this Court on July 24, 1959. An order to show cause was issued by this Court on July 30, 1959, and a copy of this order was served upon the Warden of the California State Prison at Folsom, and a copy of the petition and this order were served upon the Attorney General of the State of California.

A return to the order to show cause with points and authorities in support of the return was filed with the Court on August 6, 1959. As a part of the return a transcript of the criminal proceedings in the state court was lodged with this Court. The petitioner's traverse in opposition was filed on August 20, 1959. A brief in support of the petition for habeas corpus was filed on October 7, 1959.

It is established law that on a state prisoner's application for habeas corpus on federal constitutional grounds, the federal district court may take into consideration the proceedings and adjudications in the state trial and appellate courts. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. This Court thoroughly reviewed the petition in light of the reporter's transcript of the trial, and other pertinent state records, in arriving at its findings and conclusions.

The only two grounds urged by petitioner in his petition for the writ of habeas corpus which present issues worthy of consideration are (1) the assertion that the district attorney suborned the perjury of various witnesses called by the prosecution, and (2) the allegations as to the incompetency of counsel. These grounds will be considered in this order.

A major portion of the petition is dedicated to the assertion that the district attorney suborned the perjury of various witnesses called by the prosecution.

Although petitioner contends that this question was presented in his petition to the State Supreme Court, a reading of that petition will reveal that the two arguments presented concerned themselves with the instructions of the court and with the competency of petitioner's counsel. Only in arguing these points did the petitioner incidentally suggest that perjured testimony had been used. The proper way to present the

question of perjured testimony to the court was set forth in In re Swain, 34 Cal.2d 300, 302, 209 P.2d 793, 794:

"It is the practice of this court to require, substantially, that one who seeks to show that his conviction was obtained by the prosecution's knowing use of perjured testimony quote or otherwise designate specifically the precise testimony which it is asserted was perjured, state in detail what the actual facts are, and name or otherwise identify the person connected with the prosecution who knew it was perjured and persisted in using it, stating also the circumstances establishing such person's knowledge of the facts."

▮ It is quite obvious from a review of the petition in the State Supreme Court that said petition is not sufficient to satisfy the procedural requirements of the Supreme Court of California. Likewise, the petitioner must indicate that he had no opportunity to present the alleged true matter on the trial, that is, that there was such a suppression of truth by the authorities as prevented him from discovering and using the truth at his trial. In other words, a petitioner is not allowed to suppress the facts and reserve a case for his later release (In re Manchester, 33 Cal.2d 740, 742, 204 P.2d 881).

▮ The petitioner has utterly and completely failed to properly present the question to the state court. In order to use and exhaust his remedy in the state court, the petitioner must follow state procedural rules. "A failure to use a state's available remedy, in the absence of some interference or incapacity, * * * bars federal habeas corpus." Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 422, 97 L.Ed. 469. Having failed to properly present the question to the state court, he has failed to exhaust his state remedies and cannot present the question to this Court. Application of Hodge, 9 Cir., 262 F.2d 778, 781.

▮ It is also to be noted, in this connection, that the petitioner failed to present the issue of perjury in his petition for certiorari to the United States Supreme Court. Ordinarily, all appellate remedies available in state courts and in the United States Supreme Court must be considered as steps in the exhaustion of state remedies in determining whether the federal court may entertain an application for habeas corpus by one detained under a judgment of conviction in a state court. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

The only other ground presented by petitioner in his petition which is worthy of consideration by this Court is the allegation as to the incompetency of counsel.

▮▮ The state court records in this matter show that petitioner was represented on the trial by counsel of his own choice. There is a vast difference between lacking the effective assistance of competent counsel and being denied the right to have the effective assistance of competent counsel. It is the latter only for which the state is responsible under the concept of due process of law contained in the Fourteenth Amendment, the former being normally the sole responsibility of the defendant who selected his counsel. And so where, as in the case now before us, a defendant in a criminal case has retained counsel of his own choice to represent him, it is settled by an overwhelming weight of authority that the commission by his counsel of what may retrospectively appear to be errors of judgment in the conduct of the defense does not constitute a denial of due process chargeable to the state. United States ex rel. Darcy v. Handy, 3 Cir., 203 F.2d 407; Morton v. Welch, 4 Cir., 162 F.2d 840; Ex parte Haumesch, 9 Cir., 82 F.2d 558.

In Latimer v. Cranor, 214 F.2d 926, Judge Denman, of the Ninth Circuit, in affirming an order of the district court denying the application for a writ of habeas corpus without a hearing held that:

The application alleges that Latimer's attorney mishandled his case.

"This is a frequent contention of unsuccessful defendants. There are no allegations showing the attorney's conduct was so incompetent that it made the case a farce requiring the court to intervene in his client's behalf. We find no denial of the efficient representation of the Constitution. Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, 669; Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14, 15." (at page 929)

The petitioner has failed to show that the circumstances surrounding his trial shock the conscience of the court, and that the proceedings were a farce and mockery of justice. The records in this matter completely refute petitioner's contention that his counsel was incompetent or that he abandoned the petitioner during the presentation of his defense.

In the case of Application of Atchley, D.C.N.D.Cal., 169 F.Supp. 313, 318, it was held that "The due process clause of the Federal Constitution does not require this Court to reconsider the tactics adopted by counsel in conducting petitioner's defense, in the absence of facts tending to show that the trial was reduced to a mockery of justice * * *." In dismissing the petition for a writ of habeas corpus without holding a hearing Judge Halbert said at page 318:

"As has been indicated, the instant petition shows no more than that petitioner is now dissatisfied with the conduct of his defense, and with the duration of his sentence. As the facts alleged fail to raise any issue cognizable by this Court, no formal hearing is required in this matter. (See: Thomas v. Eyman, 9 Cir., 235 F.2d 775, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863)."

The United States Court of Appeals for the Ninth Circuit declined to issue a certificate of probable cause in this case on January 9, 1959.

In the present case, petitioner Piascik has failed, in light of the state court record, to allege any facts which raise any issue cognizable by this Court.

Respondent's motion to dismiss should be granted.

It is ordered that the order to show cause be discharged, and petitioner's petition for a writ of habeas corpus be, and the same is, hereby dismissed.

It is further ordered that petitioner's motion to change venue on ground of convenience of witnesses in connection with this proceeding, being moot, be, and the same is, hereby dismissed.