79 N.J. Super. 17 (1963)
190 A.2d 201
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM ANDREWS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided April 15, 1963.
*19 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. William Andrews, pro se.
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant was indicted in six separate indictments, five for the sale and one for the possession of narcotics. An experienced trial attorney, admitted to the Bar in 1949, was assigned to defend him. On April 10, 1961 defendant pleaded guilty to three of the indictments which charged sales. On April 19, 1961 he was sentenced to concurrent sentences of 7 to 10 years plus $500 fine on each of the three indictments. The remaining indictments were then dismissed on motion of the prosecutor.
On January 22, 1962 defendant applied to the Essex County Court to set aside the convictions and to withdraw the pleas of guilty. His petition alleged that he had "pleaded Non Vult on advice of court appointed counsel * * *"; that "he was victimized in pleading Non Vult on advice of counsel and that if the true facts were known by the court * * * the accusation would have been dismissed." The petition alleged facts which he claimed proved entrapment, but nowhere did defendant say that he told those facts to his assigned counsel. The petition stated "Petitioner in good faith entered a plea of `Non Vult' on advice of his counsel, that the court would review the case and upon hearing same, would extend leniency * * *," and concluded with the contentions that "he was a victim of entrapment * * * and he did not receive effective assistance from counsel."
*20 New counsel, Mr. W., was assigned to represent defendant upon the application to withdraw the pleas, and he argued the matter before Judge Yancey, the sentencing judge. He conceded "on the basis of State v. Miller * * * 16 Super. 251 * * *" that the claim of promised leniency did not entitle Andrews to relief, but he did press the point of ineffective representation of counsel because of the failure to assert the defense of entrapment.
The transcript of the taking of the pleas showed that before his plea was accepted defendant was asked by the judge whether he had received "any promises or inducements from the prosecutor or anyone else relating to such pleas or as to the sentence * * *" and had answered "No." The transcript also showed that defendant acknowledged he had signed three separate 13A forms, one for each indictment; that the "answers to each of these forms was true"; and that he was "satisfied with the advice from counsel."
In said 13A forms it was stated that no promises as to the sentence had been made to defendant and that he understood the "Judge may impose such sentence as in his discretion he considers appropriate, subject to the limits prescribed by law."
Judge Yancey also reviewed the transcript of the sentencing, which showed that at that time he had again asked defendant whether his pleas were voluntary and whether he had been promised anything by "the prosecutor or anyone else," and defendant had again answered "No." Incidentally, defendant had a prior criminal record and was no stranger to courts.
Based on the foregoing, Judge Yancey refused to take testimony in support of Andrews' petition and denied the application to withdraw the pleas.
Defendant now petitions this court for leave to appeal in forma pauperis from Judge Yancey's action, and for the assignment of counsel to prosecute such an appeal. We find that no useful purpose would be served by granting either at this time, for the petition addressed to the County Court does not allege facts which would entitle defendant to withdraw *21 his pleas. Diggs v. Welch, 80 U.S. App. D.C. 5, 148 F.2d 667 (D.C. Cir. 1945), cert. denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945), cited in State v. Williams, 39 N.J. 471 (1963); Annotation, 74 A.L.R.2d 1390, 1436 (1960).
The mere fact that defendant alleges he had a defense based on entrapment does not, standing alone, entitle him to relief, or even to a hearing. State v. Wall, 36 N.J. 216, 218 (1961). That he was "victimized" is a conclusion; he does not say how or by whom. As we have said, he does not allege that he told his assigned lawyer what he now claims to be the facts constituting entrapment, and that his lawyer ignored those facts through gross neglect, incompetence or improper motives. That the attorney advised him to plead guilty does not entitle defendant to withdraw the pleas even if the attorney told him the judge would probably be more lenient if he so pleaded. Diggs v. Welch, supra. Parenthetically, the sentences here could have been at least three times greater than those imposed, simply by making them consecutive. In addition, it is to be noted that the other indictments were dismissed.
In Diggs v. Welch, supra, Chief Justice Groner said:
"The petition shows on its face that the charge against assigned counsel of intimidation and coercion and of ignorance and neglect is based solely on the advice of counsel that petitioner had better plead guilty to the lesser charge of grand larceny than go to trial on the indictment of robbery, because, otherwise, he would likely be found guilty on his previous record and be given a heavier penalty.
This may have been an unwise recommendation, but, on the other hand, it may very well have been sound and practical advice and, lacking the charge of corrupt or improper motive, is not enough. In the nature of things, no hearing now will throw conclusive light on that question. I am therefore of opinion the District Judge was correct in dismissing the petition without hearing."
If defendant does mean to charge his attorney with incompetence or worse, then what we said in the case of In re Rodgers, 35 N.J. Super. 185, 189 (Cty. Ct. 1955) applies:
*22 "Allegations such as this prisoner makes against his counsel, a member of the bar in good standing, should be sworn to without qualification, so that the court may know that the petitioner understands clearly what he is saying and realizes that if his sworn statement is false he may suffer the consequences of false swearing. * * * [T]he court should not grant a hearing on charges such as these without at least the assurance that the petitioner means what he says in his petition; that he is willing to swear to it without equivocation; and that he is willing to suffer the consequences if he swears falsely."
Such allegations are especially unfair to assigned attorneys, who not only serve defendants without compensation but even pay the incidental expenses out of their own pockets.
Thurman W. Arnold has long been known as a liberal and a champion of the underdog, yet in Diggs v. Welch, supra, he said (148 F.2d, at p. 670):
"The opportunity to try his former lawyer has its undoubted attraction to a disappointed prisoner. In many cases there is no written transcript [and here there would be none of the lawyer's advice to Andrews] and so he has a clear field for the exercise of his imagination. He may realize that his allegations will not be believed but the relief from monotony offered by a hearing in court is well worth the trouble of writing them down. To allow a prisoner to try the issue of the effectiveness of his counsel under a liberal definition of that phrase is to give every convict the privilege of opening a Pandora's box of accusations * * *."
The courts have rightly declared their ever-broadening concern for the rights of defendants. We think it is time some concern is expressed also for the rights of attorneys to be protected against reckless and unjustified attacks. The experience of all courts has been that in the vast majority of cases the post-conviction complaints made by prisoners are without foundation. In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, decided March 18, 1963, Justice Clark estimated that 98% of such complaints are frivolous, and he pointed out that in the 12 years from 1946 to 1957 prisoners were successful in only 1.4% of the cases presented to the federal courts. Indeed, in the case at bar we called for the pre-sentence report, as the Supreme Court did in State v. Jenkins, 32 N.J. 109, 115 *23 (1960), and found that defendant had given a statement to the probation office before he was sentenced which belies his present claim of entrapment. Of course, the statement of a defendant to the probation office does not, standing alone, disentitle him to a hearing if he later presents a sworn petition to the contrary which alleges facts which do entitle him to a hearing. Cf. State v. Deutsch, 34 N.J. 190, 201 (1961).
The assignment of counsel is now required in many more situations than in the past, and new areas are constantly being opened up in which counsel must be assigned to indigent prisoners. Since we assign the attorneys, and they are officers of the court, it is our duty to see to it that they are not defamed without cause, and are not called upon to waste their time and to suffer the indignity of defending their competence merely because of prisoners' unparticularized complaints. The least that we can do is to refuse hearings when the charges do not set forth facts, stated with such specificity that their falsity would support a conviction for false swearing.
We have examined the transcript of the argument presented to Judge Yancey by Mr. W., and note that in it he said "I can report to the court after a discussion with Mr. B. [defendant's original counsel] that this defense [of entrapment] was not appraised by him. He said he took a different view of the facts." We do not know what Mr. B. told Mr. W., and, as we have said, this assertion by Mr. W. is not supported by any specific allegation in the petition or by any other proof. Therefore, in the interests of a just and speedy resolution of this controversy we remand the matter to the Law Division for the following purposes:
Counsel should be assigned to defendant for the purpose of advising him of his rights and obligations, and, if defendant decides to file a new or amended petition setting forth the indicated required facts with specificity, counsel should assist defendant in doing so and should represent him thereafter in the proceedings. If any of the facts thus recited *24 constitute a defense of entrapment (see State v. Rosenberg, 37 N.J. Super. 197, 204-205 (App. Div. 1955); State v. Dolce, 78 N.J. Super. 247 (App. Div. 1963)), and show sacrifice by counsel of that defense by virtue of counsel's incompetence, gross negligence or other impropriety, the matter should go to the hearing of proofs. Otherwise, the court may dismiss the petition on its own motion or on motion of the prosecutor as not stating a claim upon which relief can be granted, with a suitable opinion or conclusions of law. If the matter is heard, there should be findings of fact and conclusions of law, separately stated. We do not retain jurisdiction over the pending application for leave to appeal in forma pauperis and for the assignment of counsel. After the proceedings on the remand are completed, the prisoner may renew this application, or make a new one for such relief as he may then seek.
So ordered.