■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. YOUNG B. JONES, Appellant.— Judgment reversed on the law and facts and a new trial granted. Memorandum: From an examination of the entire record the conclusion is inescapable that the representation of the defendant by counsel assigned by the court clearly was not "adequate and effective" so as to assure him counsel

in accordance with his constitutional rights and section 308 of the Code of Criminal Procedure and representation was so patently lacking in competency and adequacy that there was in fact a complete denial of effective representation. The defendant is entitled to relief and the judgment of conviction should not be allowed to stand where the trial court as pointed out in *People* v. *Tomaselli* (7 N Y 2d 350, 354) " permitted assigned counsel to continue to act for the defendant after it had become obvious that ' the purported representation by counsel was such as to make the trial a farce and a mockery of justice '. (*United States* v. *Wight*, 176 F. 2d 376, 379; see, also, *United States ex rel Feeley* v. *Ragen*, 166 F. 2d 976, 980; *Diggs* v. *Welch*, 148 F. 2d 667, 669, cert. den. 325 U. S. 889; *People* v. *Cox*, 12 Ill. 2d 265, 271; *State* v. *Dreher*, 137 Mo. 11, 20-22.)" Assigned counsel invited and by insistent questioning of People's police witnesses secured a narrative based on pure hearsay accusations of numerous activities of a criminal nature the police associated with the defendant at about the same time as the crimes of which he was accused. These involved insurance fraud, robbery, larceny, a gun charge and assault. All of these charges were completely outside the scope of the indictment and their introduction into the case was so prejudicial to the defendant as to deprive him of his right to a fair trial in conformance with constitutional standards. All concur except Witmer and Henry, JJ. who dissent and vote to affirm, in following Memorandum: Unorthodox and seeming inept defenses have often been successfully employed to win acquittal. Such method failed in this case. Although there are dicta (as cited in the majority memorandum) that inadequate representation is ground for reversal, the courts of this State have not yet reversed solely upon the ground of ineptness of counsel. " Although we do not condone or make light of an alleged failure on the part of any lawyer to serve his client adequately, it furnishes no basis either in reason or authority for setting aside a judgment." (*People* v. *Tomaselli*, 7 N Y 2d 350, 356.) The court should not deny defendant's counsel the right to try his case as he deems best; and only if he acts in a manner which is surely defeating, may the court step in and remove him or reverse for inadequacy of representation. Accordingly, we would affirm. (Appeal from judgment of Erie Trial Term convicting defendant of robbery, first degree.) Present — Bastow, P. J., Williams, Marsh, Witmer and Henry, JJ.