Jeremiah OPIE, also known as Jerry Opie, Petitioner,

v.

Leonard F. MEACHAM, Warden of the Wyoming State Penitentiary, Respondent.

Civ. No. 5253.

United States District Court
D. Wyoming.

Dec. 4, 1968.

Jeremiah Opie, in pro. per., and Byron Hirst and James L. Applegate, of Hirst, Applegate & Thomas, Cheyenne, Wyo., and F. Lee Bailey, Boston, Mass., for petitioner.

James E. Barrett, Atty. Gen. of State of Wyoming, Lynn R. Garrett, Deputy Atty. Gen., and Jack Speight, Asst. Atty. Gen., for respondent.

## ORDER SUSTAINING MOTION TO DISMISS

KERR, District Judge.

The above entitled matter having come on regularly for hearing before the Court upon the motion of Leonard F. Meacham, Warden of the Wyoming State Penitentiary, to dismiss the petition of Jeremiah Opie, also known as Jerry Opie, for writ of habeas corpus, and the Court having heard evidence adduced by and on behalf of petitioner, and evidence adduced on behalf of respondent, and having heard arguments of counsel in support of the motion to dismiss and in opposition thereto, took said matter under advisement; and having considered the record on file herein and the evidence adduced at the hearing on the motion to dismiss, and having examined the briefs of counsel filed on behalf of petitioner and on behalf of respondent, and having studied the authorities relied upon by the parties, and being fully advised in the premises, the Court finds:

1. Petitioner is presently detained in the Wyoming State Penitentiary at Rawlins, Wyoming, pursuant to the sentence imposed October 1, 1962, by the District Court, Second Judicial District, County of Sweetwater, State of Wyoming.

2. Petitioner was tried by a jury for the offense of murder in the first degree to which he had entered his plea of not guilty. He was sentenced to life imprisonment after the jury returned its verdict finding petitioner guilty of murder in the first degree.

3. At said trial, petitioner was represented by counsel of his own choosing, Lawrence A. Marty of Green River, Wyoming, and by J. Reuel Armstrong and Kenneth W. Keldsen of Rawlins, Wyoming.

4. Petitioner, represented by the same three attorneys who defended him at the trial, appealed to the Supreme Court of the State of Wyoming. He claimed reversible error on thirteen issues. On March 3, 1964, the Supreme Court found no error in the record and affirmed the verdict of conviction without capital punishment and the judgment and sentence pronounced thereon. Opie v. State of Wyoming, Wyo.1964, 389 P.2d 684.

5. On January 14, 1965, without benefit of counsel, petitioner filed his petition for a Writ of Habeas Corpus in

the United States District Court for the District of Wyoming, claiming, inter alia, that he had been deprived of his constitutional right to competent counsel. He alleged that his trial counsel had refused to obtain expert opinion evidence to contradict the prosecution's ballistic expert. On April 20, 1965, petitioner requested this court to dismiss his petition acknowledging that he had to exhaust his state remedies. On April 26, 1965, the United States District Court for the District of Wyoming dismissed petitioner's petition for Writ of Habeas Corpus without prejudice to the right to renew the petition after the matter was fully and finally litigated in the state court. D.C.Wyoming No. 4874 Civil.

6. Immediately thereafter, petitioner retained another attorney in Rawlins, Wyoming, C. L. Bates, and requested him to raise in appropriate state courts the issues which petitioner raised in his January 14, 1965, petition for writ of habeas corpus.

7. On December 20, 1965, C. L. Bates, Esq., filed a motion for a new trial in the District Court, Second Judicial District, Sweetwater County, Wyoming, on the ground of newly discovered evidence to the effect that expert witnesses would dispute the expert testimony offered by the prosecution at the trial that the gun which killed defendant's wife was fired from a distance of 18 inches to three and one-half feet, and that petitioner's expert witnesses would show instead that this distance was from one-half inch to one and one-half inches. Said motion for a new trial was denied by the trial court, and Mr. Bates appealed to the Supreme Court of the State of Wyoming.

8. On January 9, 1967, the Supreme Court of Wyoming passed on petitioner's contention that expert opinion evidence could and should have been, but was not, presented at trial. Concluding that the trial judge was justified in denying petitioner's motion for a new trial on the ground of newly discovered evidence pertaining to the distance of the gun from decedent's face, the Wyoming Supreme Court stated that "An application for new trial must be denied when it does not appear the alleged newly discovered evidence would probably produce a different verdict". Opie v. State of Wyoming, Wyo.1967, 422 P.2d 84, 87.

9. Petitioner has no grounds, therefore, to substantiate his claim that the expert testimony he desires would have been "of such evidentiary weight so as to warrant, if not compel, a jury to find facts fully consistent with the petitioner's testimony, resulting in a verdict of not guilty".

10. October 1, 1967, was the last day within the five year period of limitation for proceeding under the post-conviction act of the State of Wyoming. Laws 1961, Ch. 63, Sec. 1; Section 7–408.1 W.S.1957 as amended.

11. On June 19, 1968, represented by F. Lee Bailey, who was personally selected and retained by petitioner, the petition for Writ of Habeas Corpus was filed in this court by petitioner alleging that the conviction and sentence under which he is being detained were imposed in violation of the Sixth and Fourteenth Amendments to the United States Constitution "in that petitioner was denied effective assistance of counsel whose representation was so lacking in those fundamental precepts of justice as to amount to a denial of due process".

12. The statutory five year limitation of the Wyoming Post Conviction Remedy statute is flexible and gives petitioner relief where he "alleges facts showing that the delay was not due to his own neglect". Laws 1961, Ch. 63, Sec. 1; Sec. 7–408.1 W.S.1957 as amended.

13. Petitioner has alleged facts showing that the delay in not instituting proceedings under the post conviction act was not caused by his own neglect: petitioner alleges that prior to October 1, 1967, he requested his counsel to raise the issue of inadequate representation by counsel in the appropriate state court; it was admitted by petitioner's present attorney that the failure to file a petition for post conviction relief was due to his, not the petitioner's, neglect.

14. There is no evidence that petitioner deliberately by-passed the available state remedies.

15. This Court takes judicial notice that counsel employed by petitioner were able and experienced lawyers. J. Reuel Armstrong, a former Solicitor, Department of the Interior, and presently State District Judge in the State of Wyoming, has had almost forty years experience before the bar of this court and the state courts. Mr. C. L. Bates has had more than thirty-five years experience before the bar of this court and the state courts, and he has specialized in criminal defense matters. Mr. Marty is an able and experienced lawyer with more than ten years experience. Mr. Keldsen, associated with J. Reuel Armstrong for a number of years, has had almost twenty years experience before the bar of this court and of the state courts.

16. The strategy employed by counsel failed to bring about the verdict hoped for by petitioner, but success in litigation is not the test of competent representation. Mize v. Crouse, 10 Cir., 399 F.2d 593 (1968); Johnson v. United States, 10 Cir., 380 F.2d 810 (1967). Petitioner was not entitled to a perfect trial, but one that was fair and impartial. Petitioner's case presents no facet of irregular procedure or substance inconsistent with justice. A study of the decisions of the Wyoming Supreme Court in petitioner's appeals, persuades this Court that defense counsel were confronted with a difficult defense.

17. Petitioner has made no charge that his counsel were not ordinarily competent or that they lacked good faith in their trial or procedural tactics. There are no allegations showing that petitioner's counsel were so incompetent that they made a farce of his trial such as to require the court to intervene in behalf of the accused, the petitioner herein. There is no substance in petitioner's contention that any of his counsel were inefficient in their representation of petitioner.

18. The state is responsible under the due process requirement contained in the Fourteenth Amendment to protect an accused's right to have the effective assistance of competent counsel. Where, as here, however, petitioner retained counsel of his own choice to represent him, he cannot successfully claim that the state denied him the right to have effective assistance of counsel. It is only the denial of that right that would have put petitioner in the position to challenge a judgment of conviction by writ of habeas corpus. Hudspeth, Warden v. McDonald, 10 Cir., 120 F.2d 962, 968 (1941), cert. den. 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496.

19. The effectiveness of his personally selected and retained counsel is petitioner's sole responsibility. The commission by petitioner's counsel of acts that "may retrospectively appear to be errors of judgment in the conduct of the defense does not constitute a denial of due process chargeable to the state". Piascik v. Heinze, D.Cal., 178 F.Supp. 364, 366 (1959); Merritt v. Hunter, 10 Cir., 170 F.2d 739 (1948).

20. It is not proper, in a habeas corpus proceeding "to attack the validity of the judgment in a criminal case, merely on the ground that the defendant was inadequately represented by his own deliberately selected counsel". Morton v. Welch, 4 Cir., 162 F.2d 840, 842 (1947), cert. den. 332 U.S. 779, 68 S.Ct. 44, 92 L.Ed. 363; 334 U.S. 848, 68 S.Ct. 1498, 92 L.Ed. 1771.

21. Neither the petition for writ of habeas corpus nor the evidence adduced at the hearing in this court merits the issuance of a writ of habeas corpus.

Now, therefore, it is ordered that respondent's motion to dismiss be, and the same is hereby, sustained.